**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| IN RE MENTOR CORP. OBTAPE TRANSOBTURATOR SLING PRODUCTS LIABILITY LITIGATION | MDL CASE NO. 2004<br><br>Case No. 3:07-cv-88 (Parker) |

**MENTOR CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
ADDITIONAL RESPONSES TO REQUESTS FOR PRODUCTION**

**INTRODUCTION**

These consolidated cases involve an FDA-cleared, prescription-only medical device, ObTape, sold by defendant Mentor Corporation ("Mentor"). Plaintiffs claim that after their physicians implanted them with ObTape to treat their stress urinary incontinence ("SUI"), they experienced complications such as infection and erosion (the inherent, warned-about risks associated with any synthetic sling to treat SUI, including ObTape).

As with their interrogatories, Plaintiffs have propounded broad, sweeping requests for production that are vague, incredibly burdensome, overly broad, and overlapping. Despite these objectionable requests, Mentor has produced over 55,000 pages of materials related to ObTape. These materials include, among other things, the Design History File for ObTape, the 510k application submitted to the FDA in connection with ObTape, Product Evaluation Files for ObTape, ObTape training and marketing materials, and internal and external communications regarding ObTape. Mentor produced these documents as they were kept in the ordinary course of business and, to facilitate Plaintiffs' review of these documents, provided an index of

Mentor's production. As explained below, Mentor's production and its responses to Plaintiffs' individual requests for production were appropriate and complete.[1]

## ARGUMENT

### I. PLAINTIFFS' DEMAND FOR VIRTUALLY LIMITLESS DISCOVERY IS UNJUSTIFIABLE AND IMPROPER.

This Court has broad discretion to control discovery. *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). Notwithstanding the liberality of discovery under the Federal Rules, "[t]his often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks*, 981 F.2d 377, 380 (8th Cir. 1992). Courts should "remain reluctant to allow any party to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 589 (D. Minn. 1999). Parties "ought not to be permitted to use broadswords where scalpels will suffice, nor to undertake wholly exploratory operations in the vague hope that something helpful will turn up." *Mack v. Great Atl. & Pac. Tea Co., Inc.*, 871 F.2d 179, 187 (1st Cir. 1989). "[I]n some situations, such as the one at hand," the time-honored cry that Plaintiffs are engaged in a fishing expedition, "remains apt. [Plaintiffs] here [are] unmoored and trolling." *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990).

---

[1] Notably, Plaintiffs sent their first "meet-and-confer letter" regarding Mentor's discovery responses before they had even reviewed Mentor's document production. *See* Rawlin letter to Wages, July 2, 2008, attached to Plaintiffs' Motion to Compel as Exhibit 5 ("I believe it would be more prudent to address any discovery issues after you have actually reviewed the documents we produced.").

Here, Plaintiffs' 60 document requests (like Plaintiffs' 80 interrogatories), which "all but ask for every document [Mentor] has ever had in its possession and then some" have been characterized by the Eleventh Circuit as "excessively broad." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1357-58 (11th Cir. 1997). This litigation arises from a single Mentor product, ObTape, sold for a few years. It involves a limited number of plaintiffs in a single, geographic region, Georgia. Mentor has provided an enormous amount of material regarding ObTape. Nonetheless, Plaintiffs seek exponentially broader discovery. As explained in greater detail below, Mentor has responded appropriately.

## II. MENTOR'S PRODUCTION OF DOCUMENTS AS THEY WERE KEPT IN THE USUAL COURSE OF BUSINESS IS PROPER ACCORDING TO THE RULES.

Mentor's document production satisfied its discovery obligations under the Federal Rules of Civil Procedure. As is its right, Mentor has produced documents as they were kept in the usual course of business. *See* Fed. R. Civ. Pro. 34(b)(2)(E)(ii); *see also* Rawlin letter to Hill, May 30, 2008, attached hereto as Exhibit A. Accordingly, Mentor has no further obligation to organize or label the documents. *Williams v. Taser Int'l., Inc.*, No. 1:06-cv-0051, 2006 U.S. Dist. LEXIS 47255, at *22 (N.D. Ga. June 30, 2006), quoting *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004) ("[T]he plain language of Rule 34 makes clear that 'a responding party has no duty to organize and label the documents if it has produced them as they are kept in the usual course of business.'").[2]

---

[2] *See also United States v. O'Keefe*, 537 F. Supp. 2d 14, 20 (D.D.C. 2008) ("If the documents were produced as they were kept in the ordinary course of business, the requesting party could not thereafter demand that they be indexed, catalogued, or labeled."); *MGP Ingredients, Inc. v. Mars, Inc.*, No. 06-2318-JWL-DJW, 2007 U.S. Dist. LEXIS 76853, at *10 (D. Kan. Oct. 15, 2007) ("If the producing party produces documents in the order in which they are kept in the usual course of business, [Rule 34] imposes no duty to organize and label the documents, provide an index of the documents produced, or correlate the documents to the particular request to which they are responsive.")

CLI-1683796v1

Additionally, Mentor has provided "reasonable assistance to Plaintiff[s] in the location of responsive documents." *See U.S. Commodity Futures Trading Commission v. Am. Derivatives Corp.*, No. 1:05-cv-2492, 2007 U.S. Dist. LEXIS 23681, at * (N.D. Ga. Mar. 30, 2007). This is not a situation like those described in the cases cited by Plaintiffs, where the producing parties purportedly produced massive amounts of undifferentiated documents without any guidance as to the documents produced. (*See* Mot. to Compel at 8.) Rather, Mentor produced documents as they were kept in the usual course of business and provided Plaintiffs with a "Document Index," attached to Plaintiffs Motion to Compel as Exhibit 5.

Moreover, where possible, and to the extent that Mentor was able to discern Plaintiffs' individual requests for production, Mentor has identified specific categories of responsive documents. For example, Request for Production No. 8 requests all trials, clinical trials, tests analyses or studies which were performed on ObTape. Mentor highlighted for Plaintiffs that responsive documents could be found in the Design History File for ObTape and in documents sent to/from the FDA in connection with the FDA's 510(k) approval to market ObTape. (*See* Mentor's Resp. to RFP No. 8, attached as Exhibit 1 to Plaintiff's Motion to Compel.)

Plaintiffs' demand for even greater specificity than Mentor has already provided is unwarranted. Plaintiffs insist that "Defendant should be required to identify by bates stamp number which documents are responsive to which of Plaintiffs' requests." (Mot. to Compel at 10.) Such a burdensome request, however, is usually rejected:

> Requiring further that these requested documents be segregated according to the requests would impose a difficult and usually unnecessary additional burden on the producing party. The categories are devised by the propounding party and often overlap or are elastic, so that the producing party might be compelled to decide which best suits each item in order to consign it to the proper batch. Such an undertaking would usually not serve any

>substantial purpose, and it could become quite burdensome if considerable numbers of documents were involved.

CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2213, at 431-32 (2d ed. 1994), quoted in *MGP Ingredients*, No. 06-2318-JWL-DJW, at *12 (denying plaintiffs' motion to compel defendants to identify by Bates number the documents and ESI that are responsive to each particular request for production). Plaintiffs' unreasonable request that Mentor identify specific documents in response to each specific request for production should be denied.

### III. MENTOR'S RESPONSES TO PLAINTIFFS' INDIVIDUAL REQUESTS FOR PRODUCTION ARE APPROPRIATE.

<u>Request for Production No. 2</u>

Mentor has produced the entire Design History File for ObTape that Plaintiffs specifically requested in this request as well as documents sent to/received from the FDA in connection with the FDA's 510(k) approval to market ObTape. Plaintiffs do not contend that Mentor has withheld any responsive documents. Instead, Plaintiffs claim that, based on Mentor's written response, Plaintiffs are unsure whether Mentor has produced all responsive documents. Plaintiffs' objection suggests that they prefer that Mentor respond only that "Mentor has produced all responsive documents" as opposed to identifying particular documents that are responsive, as Mentor did. Mentor's written response and production are sufficient.

Plaintiffs request that Mentor produce all design and manufacturing files related to Uratape. But none of the Plaintiffs were implanted with Uratape; indeed, Uratape was never sold in the United States. The documents requested by Plaintiffs concerning only Uratape, therefore, are simply not relevant to any issues in these consolidated cases involving ObTape. Notably, Mentor *has* produced documents relating to Uratape to the extent that those documents also concerned ObTape, including such documents as the technical file for Uratape.

CLI-1683796v1

Request for Production No. 8

Mentor has produced documents responsive to Plaintiffs' request for "all documents evidencing or reflecting all trials, clinical trials, tests, analyses or studies which were performed on or with respect to the ObTape tape." Mentor has produced the Design History File for ObTape, documents sent to/received from the FDA in connection with the FDA's 510(k) approval to market ObTape, and journal articles and abstracts reflecting various physicians' clinical experience with ObTape. Mentor's 510(k) submission contains information regarding various testing performed on ObTape, including: cytotoxicity; pyrogenicity; sensitization by maximization; IR spectrum; fusion point; extractable substances; assay of active anionic, cationic, and nonionic surface substances; genotoxicity; hemolysis; muscle implantation; LAL pyrogenicity; acute rabbit intracutaneous reaction; sensitization; acute systemic toxicity in mouse; tensile strength; tear strength; elongation to break; package seal; mesh density; mesh thickness; pore size; and package strength. Mentor has also pointed Plaintiffs to journal articles detailing physicians' clinical experience with ObTape and communications and protocols for proposed clinical studies for ObTape.

As above, Plaintiffs do not contend that Mentor's production is inadequate or that Mentor is improperly withholding responsive documents; Plaintiffs just claim to be unsure. Mentor has produced responsive documents in its possession, custody and control.

Request for Production No. 19

Mentor has responded appropriately to Plaintiffs' request for any and all correspondence, complaints, civil actions, law suits, petitions, accident/incident reports or notice letters pertaining to any personal injury allegedly sustained as a result of or related to ObTape. Mentor has provided Plaintiffs with Product Evaluation Files for ObTape (the files of adverse events

- 6 -

CLI-1683796v1

involving ObTape reported to Mentor) as well as additional correspondence related to the reporting of adverse events involving ObTape. Plaintiffs do not contend that Mentor's production of these documents is inadequate other than to claim – inaccurately – that Mentor has not provided any explanation as to the information redacted from these documents.

As a medical device company, Mentor takes the privacy and confidentiality of patients who receive Mentor products seriously. In addition, information regarding adverse events and the identities of such reporters (physicians, hospitals, etc.) are confidential. There is a long line of authority for this policy. It is codified in federal regulations, including 21 C.F.R. 20.63, 21 C.F.R. 20.111 and in federal statutory law including 21 U.S.C. 360i. The FDA has strongly stated that "its success in encouraging health professionals to participate in the voluntary adverse event reporting system depends substantially on the guarantee of confidentiality given the identity of the reporter under FDA regulations." 59 Fed. Reg. 3944 (1994). Moreover, numerous courts have held that the identities of physician reporters of adverse events are not discoverable and should be redacted. *See*, *e.g.*, *In re Medtronic, Inc.*, 184 F.3d 807 (8th Cir. 1999); *Contratto v. Ethicon, Inc.*, 225 F.R.D. 593 (N.D. Cal. 2004).

Contrary to Plaintiffs' assertion, Mentor explained that such information was redacted from Mentor's production documents. *See* Rawlin letter to Hill, May 30, 2008, attached hereto as Exhibit A ("Consistent with our position that the names and other identifying information of patients and/or physicians who report adverse events are confidential, we have redacted certain such information."). Pursuant to this persuasive authority, Mentor should not be required to produce unredacted copies of these Product Evaluation files as Plaintiffs request.

The complaints filed in other ObTape lawsuits are publicly available or equally available to Plaintiffs (of the 22 federal lawsuits, Plaintiffs' counsel are involved in 17). As previously

explained in Mentor's Opposition to Plaintiffs' Motion to Compel Responses to Their First Set of Interrogatories, Plaintiffs' counsel is apparently aware of all ObTape litigation currently pending in the United States since their firm's website claims: "The firm presently represents more victims of the Mentor ObTape sling in litigation than any other law firm in the country, with twenty-two plaintiffs in Georgia, and nine in Florida." *See* www.obtape.com. Plaintiffs' counsel's advertising regarding their representation of plaintiffs in ObTape litigation in this state (and several others) confirms that the documents Plaintiffs seek from Mentor are equally available to Plaintiffs. Mentor's written response and document production are appropriate.

Request for Production No. 23

Mentor has responded appropriately to Plaintiffs' request for any and all documents prepared or generated by Mentor in connection with seeking permission from the FDA or European governmental agencies to market the Mentor ObTape. Mentor has produced the entire Design History File for ObTape as well as documents sent to/received from the FDA in connection with the FDA's 510(k) approval to market ObTape. Although Plaintiffs press for any documents submitted to any European governmental agencies in seeking approval to market ObTape in Europe, those documents, to the extent that they are in Mentor's possession, custody or control, are not relevant to Plaintiffs' claims or, as Plaintiffs' contend, to Mentor's "government approval" defenses. In any event, Mentor has produced the technical file compiled by the manufacturer of ObTape (included in the Design History File), which was used to obtain clearance to market ObTape in Europe. Thus, Mentor's written response and document production are appropriate.

Request for Production No. 25

In response to Plaintiffs' request for depositions taken in any civil action filed against Mentor involving ObTape, Mentor has produced copies of depositions of fact witnesses taken in *Seeno v. Mentor Corp*., Case No. RG0626478 (Alameda Super. Ct.). These are the only depositions that have occurred related to ObTape.

Request for Production No. 32

As highlighted in their motion to compel, Plaintiffs are already in possession of the purchase agreement between Mentor and Coloplast regarding the sale of Mentor's former urology division to Coloplast. (*See* Mot. to Compel at 17.) Documents related to the sale of Mentor's former urology division to Coloplast, however, are not relevant to any issues in these product liability cases. Plaintiffs seek documents related to this corporate transaction by pointing to the fact that the sale did not include ObTape. But, as Plaintiffs are well-aware, Mentor had ceased selling ObTape before Mentor sold its urology division to Coloplast. It is, therefore, neither surprising nor noteworthy that the sale of the former urology division would not include ObTape.

Request for Production No. 33

In another attempt to expand discovery in this case beyond acceptable limits, Plaintiffs request any and all documents evidencing or reflecting any comparison between ObTape and two Mentor products not at issue in these cases. Neither of these products, nor the documents Plaintiffs seek, are relevant to any issues in this case.

Documents related to Aris are irrelevant. Although indicated for the same purpose as ObTape, Aris was not available until nearly two years after ObTape was launched. It was sold side-by-side with ObTape for months and is currently sold by Coloplast, a non-party. None of

- 9 -

the Plaintiffs in these cases was implanted with Aris or is claiming to have been injured by Aris. Nonetheless, Mentor has produced certain documents such as research and development meeting minutes related to ObTape that also, tangentially, discuss the development of Aris.

Documents related to Novasilk are irrelevant, too. Novasilk is indicated for a different condition (pelvic organ prolapse) than ObTape. Moreover, Novasilk was not available until mid-2006, after sales of ObTape had ceased and well after any of the Plaintiffs here were implanted with ObTape. Novasilk is also currently sold by Coloplast, a non-party. Novasilk simply has nothing to do with Plaintiffs' claims or ObTape. Plaintiffs are not entitled to Novasilk-related documents.

Request for Production No. 34

Like Request for Production No. 33, this request seeks documents regarding Aris and Novasilk. Specifically, Plaintiffs request any and all documents sent to physicians or hospitals concerning the introduction and/or sale of Aris or Novasilk. Again, neither of these products are currently sold by Mentor and neither product is at issue in these cases. Plaintiffs' request for these irrelevant documents make clear just how far afield Plaintiffs are ranging in discovery.

Request for Production Nos. 39 and 40

As with Request for Production Nos. 2, 8, 19 and 25, Plaintiffs do not contend that Mentor is improperly withholding any responsive documents. Indeed, Mentor has produced documents evidencing or reflecting complaints or reports of complications or adverse events involving ObTape made by hospitals, physicians, or patients to Mentor. *See* Discussion regarding Mentor's response to Request for Production No. 19, *supra*. Plaintiffs again question why Mentor has redacted certain identifying information in the Product Evaluation Files. For the reasons stated above, Plaintiffs' assertions are without merit.

CLI-1683796v1

Request for Production No. 45

Here, Plaintiffs raise only their oft-repeated uncertainty whether Mentor has produced all responsive documents. Again, this concern is unfounded. Plaintiffs requested any and all documents evidencing or reflecting communication between Mentor and ABISS or Porges and ABISS regarding the manufacture of the ObTape tape. Mentor produced the Design History File for ObTape, which was compiled in cooperation with Porges and ABISS; documents sent to/received from the FDA in connection with the FDA's 510(k) approval to market ObTape; correspondence between Mentor and ABISS or Porges and ABISS regarding ObTape; and the Supply Agreement with ABISS for the manufacture of ObTape. These documents include the product manufacturing specifications and reports of adverse events which Plaintiffs specifically request. This is yet another example of Plaintiffs moving to compel the production of documents already produced by Mentor.

Request for Production No. 52

Plaintiffs' again move to compel production based solely on their uncertainty whether Mentor has produced all documents advising any doctor that he or she was not performing the ObTape procedure/implantation correctly and any such report(s) from sales representatives to Mentor. Mentor has produced correspondence responsive to this request, the only documents Mentor is aware of in its possession, custody or control. Yet again, there is no basis for Plaintiffs' motion.

Request for Production No. 53

Here, Plaintiffs request any and all documents evidencing or reflecting any study, test, or analysis comparing ObTape and Uratape. As explained above (Request for Production No. 2), Mentor has produced documents relating to Uratape to the extent that those documents also

- 11 -

concern ObTape. Those documents necessarily include any documents responsive to this request. In producing Uratape-related documents that also relate to ObTape in its possession, custody and control, Mentor has responded appropriately to Plaintiffs' request.

<u>Request for Production No. 54</u>

Plaintiffs request all documents, correspondence, contracts, funding vouchers, reports, progress reports and files pertaining to a particular article appearing in the *Journal of European Urology*. Plaintiffs are already in possession of the article itself. The article describes the results of a clinical evaluation of a number of patients implanted with ObTape. There is no suggestion in the article that Mentor or Porges were "involved" in the authors' case study.

Plaintiffs state only that they believe Mentor or Porges or both were "involved" in the article. Mentor has produced documents related to studies regarding ObTape, including proposals, proposed protocols, and communications pertaining thereto, and has provided Plaintiffs with a list of doctors who served as instructors or proctors regarding ObTape. Mentor has not, however, located any documents in its possession, custody or control related to this article published in a journal overseas.

## IV.   CONCLUSION

At bottom, Plaintiffs have failed to show that Mentor's initial objections lacked merit or that Mentor has failed to provide Plaintiffs with relevant, responsive documents in Mentor's possession, custody and control. Plaintiffs requested virtually everything under the sun related to ObTape – and then some – and Mentor made a Herculean effort in producing the 55,000 pages of documents as they were kept in the usual course of business as well as an index of the production. Plaintiffs have no reason to complain. Plaintiffs' Motion to Compel should be denied in its entirety.

CLI-1683796v1

- 13 -

Dated: January 16, 2009

Respectfully submitted,

s/ John Q. Lewis
John Q. Lewis
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:   (216) 586-3939
Facsimile:    (216) 579-0212
jqlewis@jonesday.com

Designated Lead Counsel for Defendant
Mentor Corporation

**IN RE: MENTOR CORP. OBTAPE TRANSOBTURATOR**
**SLING PRODUCTS LIABILITY LITIGATION**                    **MDL NO. 2004**

**CERTIFICATE OF SERVICE**

A copy of the foregoing filing was served by electronic mail on the following counsel this 16th day of January 2009:

| | |
|---|---|
| Andres F. Alonso<br>aalonso@yourlawyer.com | Joseph W. Prichard, Jr.<br>jwprichard@mppkj.com |
| Scott E. Bellm<br>sbellm@trdlp.com | Dustin B. Rawlin<br>dbrawlin@jonesday.com |
| Gary B. Blasingame<br>gbb@bbgbalaw.com | Patrick J. Rice<br>pjrice@hullfirm.com |
| Shelly Dreyer<br>shelly.dreyer@h-law.com | Kacy Goebel Romig<br>kromig@jonesday.com |
| Kyle L. Endicott<br>kyleendicott@morganlawoffices.net | Mark L. Rosenberg<br>mark@marklrosenberg.com |
| Charlie Easa Farah, Jr.<br>cfarah@farahandfarah.com | Edward J. Sebold<br>edwardjsebold@jonesday.com |
| Alan T. Friedman<br>alan@bagoliefriedman.com | Joseph Anthony Strazzeri<br>jastrazzeri@jonesday.com |
| Henry Gilbert Garrard, III<br>hgg@bbgbalaw.com | Thomas C. Sullivan<br>tsullivan@mppkj.com |
| Andrew J. Hill, III<br>ajhill@bbgbalaw.com | Michelle Louise Tiger<br>michelle.tiger@klinespecter.com |
| Natacha M. Hutchinson<br>nhutchinson@cox.net | Kenneth A. Tillotson<br>katillotson@phillipsmurrah.com |
| David Bruce Krangle<br>dkrangle@yourlawyer.com | Douglas Michael Todd<br>dmtodd@phillipsmurrah.com |
| John Q. Lewis<br>jqlewis@jonesday.com | Mark Gerald Usdin<br>markusdin@bellsouth.net |

CLI-1683796v1

Aaron Metcalf
ametcalf@wilnerblock.com

Charles Anthony Meyers
charlie@morganlawoffices.net

Anne Murray Patterson
apatterson@riker.com

Michael J. Patton
mpatton@trdlp.com

Michael R. Perri
mrperri@phillipsmurrah.com

Josh B. Wages
jbw@bbgbalaw.com
sjs@bbgbalaw.com

James Joseph Ward
jward@jonesday.com

Norwood Sherman Wilner
nwilner@wilnerblock.com

Brian R. Wilson
brian@n-wlaw.com

        s/ John Q. Lewis
        Attorney for Defendant
        Mentor Corporation