# EXHIBIT "A"

IN THE SUPERIOR COURT FOR ATHENS-CLARKE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SHIRLEY STAFFORD and<br>TORRENCE PINKNEY,<br><br>    Plaintiffs,<br><br>v.<br><br>MENTOR CORPORATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  CIVIL ACTION FILE<br>)<br>)  NO.SU-07-CV-1736-J<br>)<br>)<br>)<br>) |

**COMPLAINT**

COME NOW, Plaintiffs Shirley Stafford and Torrence Pinkney, and file this their Complaint and show this Court the following:

**THE PARTIES**

1.

Plaintiffs are residents of Georgia.

2.

Defendant Mentor Corporation (hereinafter, "Defendant") is a Minnesota corporation with its principal place of business located in the State of California. According to the Georgia Secretary of State's Office, Defendant is not currently registered with said Office to conduct business in the State of Georgia and has no registered agent for service of process. Service may be accomplished on Defendant's registered agent, Corporation

2

Service Company, located at 380 Jackson St., #418, St. Paul, MN 55101.

## JURISDICTION AND VENUE

3.

Jurisdiction is proper in this Court pursuant to O.C.G.A. § 9-10-91 because Defendant transacts business in this State, has committed a tortuous injury in this State caused by an act or omission outside this State, and regularly does or solicits business in this State, or derives substantial revenue from goods used or consumed or services rendered in this state.

4.

Venue is proper in this Court pursuant to O.C.G.A. § 9-10-93.

## FACTUAL BACKGROUND

5.

Defendant Mentor Corporation, at all relevant times, was engaged in the business of designing, manufacturing, marketing, packaging, labeling, and selling medical devices, including its "ObTape"-brand transobturator sling, specifically placing said slings into the stream of commerce.

6.

Plaintiff Shirley Stafford was implanted with an ObTape transobturator sling designed, manufactured, packaged, labeled and sold by Defendant Mentor Corporation. The subject sling was intended to treat Ms. Stafford for stress urinary incontinence, the use for which Defendant marketed the product. Plaintiff's treating physicians implanted the subject slings properly and appropriately.

7.

After, and as a result of, the implantation of the subject slings, Plaintiff Stafford suffered erosion of her internal bodily tissues, including her vaginal walls. As a result of having the subject sling implanted in her, Plaintiff Stafford has experienced significant mental and physical pain and suffering, undergone multiple surgeries, sustained permanent injury and endured impaired physical relations with her husbands, Plaintiff Torrence Pinkney.

8.

Defendant Mentor Corporation knowingly and deliberately made material misrepresentations to the federal Food and Drug Administration concerning the subject sling's design, manufacture, safety, and efficacy. But for those material misrepresentations, the Food and Drug Administration would not have approved the subject sling

for sale, and the subject sling would not have been implanted in Plaintiff Stafford.

## CAUSES OF ACTION

### COUNT I: PRODUCT DEFECT

9.

Plaintiffs incorporate Paragraphs 1 through 8 of this Complaint as if fully set forth herein.

10.

The subject sling was defective with respect to its design, manufacture, and lack of appropriate and necessary warnings. Defendant is strictly liable to Plaintiff for designing, manufacturing, marketing and/or selling a defective product.

11.

The aforementioned defects were a direct and proximate cause of Shirley Stafford's injuries and damages.

### COUNT II: BREACH OF WARRANTY

12.

Plaintiffs incorporate Paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13.

Defendant impliedly warranted that the subject sling was safe and fit for the purposes intended when implanted

in Plaintiff Stafford and used under ordinary circumstances and in an ordinary manner.

14.

The subject sling was not merchantable or suited for its intended uses as warranted.

15.

Plaintiff Stafford's injuries damages are a direct and proximate result of Mentor's breach of the foregoing warranties.

### COUNT III: NEGLIGENCE

16.

Plaintiffs incorporate Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17.

Defendant Mentor Corporation was negligent in designing, manufacturing, marketing, labeling, packaging, and selling the subject slings and in failing to warn Plaintiff of the defective nature of its product.

18.

Plaintiff Stafford's injuries and damages are a direct and proximate result of Defendant Mentor Corporation's negligence.

**COUNT IV: DAMAGES**

19.

Plaintiffs incorporate Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20.

Defendant Mentor Corporation's actions or inactions as described above were the direct and proximate cause of Shirley Stafford's injuries and damages. Therefore, Plaintiff Stafford is entitled to recover damages in an amount to be determined by a jury for her physical and mental pain and suffering, diminished capacity to labor, and permanent injury. Plaintiff Stafford is also entitled to recover any lost wages or medical expenses that she incurred as a result of her injuries.

**COUNT V: LOSS OF CONSORTIUM/PERSONAL INJURY**

21.

Plaintiffs incorporate Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22.

As a proximate result of Plaintiff Stafford's injuries alleged above, Plaintiff Torrence Pinkney has lost the consortium and society of his wife, Plaintiff Shirley Stafford.

23.

Because the injuries of Plaintiff Stafford are the direct and proximate result of the actions or inactions of Defendant Mentor Corporation as outlined above, Plaintiff Torrence Pinkney is entitled to recover for the loss of the consortium and society of his wife in an amount to be determined by the enlightened conscience of a jury.

24.

As a direct and proximate result of the Defendant's conduct as described in this Complaint, Plaintiff Torrence Pinkney has suffered personal injury and has necessarily paid and has become liable to pay for medical aid, treatment, attendance and medications, and will necessarily incur further expenses of a similar nature in the future.

25.

As a direct and proximate result of the Defendant's conduct as described in this Complaint, Plaintiff Torrence Pinkney is entitled to and hereby seeks all such compensatory damages, punitive damages, attorneys' fees, reimbursement for all past, present and future health and medical care costs related to the ObTape vaginal sling, and any and all other damages allowed by law, in an amount to be determined at trial.

**COUNT V: PUNITIVE DAMAGES**

26.

Plaintiffs incorporate Paragraphs 1 through 25 as if fully set forth herein.

27.

Defendant Mentor Corporation's actions in designing, manufacturing, marketing, selling, and failing to provide appropriate warnings as to the subject slings were reckless and demonstrate willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. Plaintiffs, therefore, are entitled to an award of punitive damages.

**PRAYER**

WHEREFORE, Plaintiffs pray that:

(a) They have a trial by a twelve person jury on all issues raised in this Complaint;

(b) They be awarded general and special damages in amounts to be determined at any trial of this action;

(c) They be awarded punitive damages to be determined by the enlightened conscience of the jury at any trial of this action;

(d) They be awarded attorney's fees and costs in this action; and

(e) They be afforded such other relief as this Court deems equitable and proper.

                      BLASINGAME, BURCH,
                      GARRARD & ASHLEY, P.C.
                      Attorneys for Plaintiffs

By: _____
    Henry G. Garrard, III
    Georgia Bar No. 286300
    Gary B. Blasingame
    Georgia Bar No. 062900
    Andrew J. Hill, III
    Georgia Bar No. 353300
    Josh B. Wages
    Georgia Bar No. 730098

440 College Avenue
P.O. Box 832
Athens, Georgia 30603
(706) 354-4000