IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| IN RE MENTOR CORP. OBTAPE TRANSOBTURATOR SLING PRODUCTS LIABILITY LITIGATION | MDL CASE NO. 4:08-md-2004<br><br>Indiv. Case No. 3:07-cv-88 (Parker)<br>Indiv. Case No. 3:07-cv-101 (Stafford)<br>Indiv. Case No. 3:07-cv-102 (Booth)<br>Indiv. Case No. 3:07-cv-130 (Dover)<br>Indiv. Case No. 4:08-cv-5000 (Crews)<br>Indiv. Case No. 4:08-cv-5003 (Cree)<br>Indiv. Case No. 4:08-cv-5014 (Beaver)<br>Indiv. Case No. 4:08-cv-5010 (Doria) |

**DEFENDANT MENTOR CORPORATION'S MOTION TO MODIFY PHASE I
SCHEDULING ORDER AND PLAINTIFF DESIGNATIONS**

Defendant Mentor Corporation ("Mentor") requests that this Court modify its original scheduling order due to several events that have arisen during discovery.

First, the three California law firms representing the *Crews* plaintiffs have not committed the necessary resources to fulfill their obligations for Phase I participation. Lead counsel for Mentor raised this issue with Plaintiffs' lead counsel, and now proposes the *Crews* plaintiffs be removed from Phase I. In addition, Mentor seeks minor adjustments to the deadlines for expert disclosures and summary judgment briefs for the remaining Phase I plaintiffs because of restrictions on discovery imposed by the remaining plaintiffs' counsel and physician schedules.

Second, three plaintiffs should be removed from Phase I and/or dismissed from this case due to their factual circumstances, including one plaintiff who has a different tape, another who is not available for discovery, and a third who has no injury linked to ObTape and whom plaintiffs' counsel verbally has agreed should be dismissed.

Third, one *Crews* plaintiff (and her husband) should be dismissed as a matter of law, because their joinder to the California federal court case has destroyed this Court's diversity jurisdiction over their claims.

## ARGUMENT

### A. CALIFORNIA COUNSEL HAVE NOT FULFILLED THEIR DISCOVERY OBLIGATIONS AND THE *CREWS* PLAINTIFFS SHOULD BE REASSIGNED.

The Court's scheduling order sets August 15, 2009 for Mentor's expert disclosures and August 11, 2009 for summary judgment motions. To meet these deadlines while saving time and expense for all parties, Mentor has undertaken discovery by first obtaining and reviewing medical records, taking plaintiff's deposition, and then taking the implanting physician's deposition along with those of other necessary treaters. None of Plaintiffs' counsel have objected to this approach, which makes sense for all parties.

The *Crews* plaintiffs, represented by three law firms in California, are significantly behind schedule compared to the plaintiffs represented by Georgia counsel. Most of the Georgia plaintiffs' depositions were completed months ago, most of their records have been produced, and, as a result, Mentor has been able to take many of their physicians' depositions.

In contrast, the *Crews* plaintiffs still have missing medical records – five months after those records were originally requested in January. As a result, their depositions could not be taken until much later in the discovery schedule. One was taken in May, two were just taken on June 18th and June 23rd, and the last one is tentatively scheduled for July 10, 2009 – tentatively, because the production of her medical records still is not complete.

Moreover, *Crews* counsel made little or no effort to contact their plaintiffs' physicians to arrange deposition dates, again in sharp contrast to agreements reached with Georgia counsel.[1] In view of the impending deadlines, Mentor started trying to obtain deposition dates from *Crews* plaintiffs' physicians directly -- even with the medical records and the plaintiffs' depositions still incomplete -- only to receive an objecting email from the *Crews* counsel in charge of discovery. Counsel later reversed course, thanked Mentor's counsel for trying to arrange the depositions, and then advised that he was leaving the country during the weeks of June 22, 2009 and June 29, 2009, leaving his paralegal in charge. Further, counsel advised that, when he returned, he only had six July dates available for deposition. The dates are scattered such that, given the travel involved, the *Crews* counsel effectively can attend only three depositions. (Efforts by his paralegal resulted in someone agreeing to cover one more deposition.)

As it stands now, one of the *Crews* plaintiffs remains to be deposed. Only two of the *Crews* implanting physicians are currently scheduled (for July 15th and July 24th), two more are not yet scheduled, and at least three additional treaters and one witness are not scheduled (as well as additional treaters who may become necessary after medical records and plaintiffs' depositions are completed). As a practical matter, given the late and incomplete discovery responses for *Crews* plaintiffs, restrictions imposed by the *Crews* counsel, and the relative inflexibility of physician schedules, it will be impossible to complete discovery for the *Crews* plaintiffs in time to meet the current expert disclosure and summary judgment deadlines.

For these reasons, *Crews* plaintiffs Robin and Timothy Thompson, Deirdre Thompson, Erin and Samuel Oliver, Carolyn Scharf, and April and Sammy Suriani should be removed or reassigned from Phase I.

---

[1] There are six *Crews* implantee plaintiffs (and four spouses) in Phase I. The discussion that follows does not include physicians for *Crews* plaintiff Jean Tommaselli, whose counsel has disclosed that she was not implanted with ObTape but inexplicably has not dismissed her claims.

B.  **DISCOVERY CONSTRAINTS AND PHYSICIAN SCHEDULES REQUIRE ADJUSTMENT OF DEADLINES FOR REMAINING PHASE I PLAINTIFFS.**

Mentor has worked cooperatively with Georgia and Alabama counsel to obtain medical records from their plaintiffs, complete plaintiffs' depositions and schedule their physicians' depositions. Nonetheless, the constraints imposed by the schedules of plaintiffs' counsel and plaintiffs' physicians necessitate some adjustment to the schedules for the remaining Phase I plaintiffs. Specifically, Georgia counsel has declined to double-track depositions, and therefore Mentor has had to work around the schedule of the one attorney apparently assigned to cover all physician depositions.

These circumstances have prejudiced Mentor, in particular, with respect to the ability of Mentor to pursue adjudication of its selected plaintiffs' claims. With respect to one of those plaintiffs, plaintiffs' counsel indicated that he had a trial scheduled and thus could not cover any depositions during the last two weeks in June. The trial eventually settled, but counsel was still unable to honor an implanting physician's deposition for a Mentor-selected plaintiff that previously had been scheduled for June 25, 2009. He also declined several other dates offered by the physician. As a result, that deposition is now scheduled for August 13-14, 2009 – after motions for summary judgment are due and the day before rebuttal expert reports are due.

The same holds true, but to a lesser extent, for the plaintiffs selected by plaintiffs' counsel for Phase I treatment. Another of the Georgia plaintiff's implanting physicians offered July 31, 2009 as his earliest possible date. Six other Georgia plaintiffs were seen on office visits by a physician assistant (and not by the physicians) in one practice, and Mentor has not yet received dates for her deposition.

None of these constraints have been as severe as those imposed by the deficiencies of California counsel for the *Crews* plaintiffs. Mentor is prepared to go forward with these

plaintiffs in Phase I and simply requests an adjustment of the deadlines to accommodate the last of the necessary depositions. Specifically, Mentor requests an extension of summary judgment and expert deadlines of six weeks.

### C.     THREE PLAINTIFFS SHOULD BE DISMISSED ON FACTUAL GROUNDS.

#### 1.     Plaintiff Tommaselli had a different tape implanted – not ObTape.

Plaintiff Jean Tommaselli's initial disclosures indicated that she had been implanted with ObTape. More than a month ago, however, *Crews* counsel informed Mentor that Ms. Tommaselli had been implanted with Aris Transobturator Tape, not ObTape. Counsel indicated that the Tommasellis' claims would be dismissed. Plaintiff Jean Tommaselli has not responded to any of Mentor's discovery requests and has not been made available for deposition. Nonetheless, Plaintiffs Jean and Richard Tommaselli were still included in Plaintiff's Second Amended Complaint filed May 27, 2009, after Plaintiff's counsel became aware of the fact that she was implanted with a different product. Plaintiffs Jean and Richard Tommaselli should be removed from Phase I (and dismissed from this action entirely).

#### 2.     Plaintiff Beaver has been unable to participate in this litigation.

Phase I Plaintiff Beaver was initially offered for deposition in mid-March, 2009. On March 13, 2009, Plaintiffs' lead counsel, Henry Garrard, notified Mentor that, due to health issues with a family member, Ms. Beaver would be unable to be deposed. According to Plaintiffs' counsel, Ms. Beaver remains unable to participate in this litigation at this time. Ms. Beaver should be removed from Phase I.

#### 3.     Plaintiff Mann has no injury related to ObTape and Plaintiffs' counsel has offered to dismiss her, but has refused to dismiss with prejudice.

Phase I Plaintiff Mann has not suffered an erosion or an infection or any injury that her doctors have linked to ObTape. Ms. Mann has seen *three* different physicians (Drs. Allen, Smith

and Galloway) *since* filing her lawsuit.  None of these doctors has concluded that ObTape is responsible for any injuries claimed by Mann; to the contrary, her doctors do not think ObTape has anything to do with Ms. Mann's injuries.  *See*, *e.g*., Mann Depo. Ex. 14, Mann MDR 212-14, Dec. 31, 2007 Office Note of Dr. Smith ("This is well away from where she had the transobturator tape and I don't think the tape has anything to do with it . . . ."); Mann Depo. Ex. 13, Mann MDR 189-90, Dec. 28, 2007 Letter from Dr. Allen to Dr. Smith ("Also in the interim she had requested her records to participate in the ObTape litigation.  I explained to her at that time that this had a low probability of involving the ObTape."); Mann Depo. Ex. 15, Feb. 23, 2009 Office Note of Dr. Galloway ("Cystoscopy fails to reveal evidence of erosion . . .").[2]  Ms. Mann simply has not suffered any injury attributable to her ObTape.

During informal conversations, Plaintiffs' counsel had offered to dismiss Ms. Mann's claims without prejudice, but no dismissal notice has been filed.  Any dismissal should be with prejudice because Ms. Mann's claim was filed without evidence linking any injury to ObTape, and none has been uncovered since filing.  If the Court allows Plaintiff Mann to voluntarily dismiss her claims without prejudice pursuant to Fed. R. Civ. P. Rule 42(a)(2), it should require her to pay Mentor's fees and costs incurred defending her claim in this litigation before she may re-file her claims.  *Belle-Midwest, Inc. v. Missouri Property & Casualty Ins. Guarantee Assoc*., 56 F.3d 977, 978-79 (8th Cir. 1995) ("In granting a motion for voluntary dismissal, district courts typically impose the condition that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit.").  "The purpose of awarding costs under Rule 41(a)(2) is twofold: to fully compensate the defendant for reasonable expenses incurred before dismissal

---

[2] Mentor will provide the referenced medical records at the July 8 hearing for an *in camera* inspection by the Court, if requested.

CLI-1724234v2

and to deter vexatious litigation." *Bishop v. W. Am. Ins. Co.*, 95 F.R.D. 494, 495 (N.D. Ga. 1992).

Mentor respectfully requests that Ms. Mann's claims be dismissed either (1) with prejudice or (2) upon the condition that she pay Mentor's attorneys' fees and costs if she re-files.

### D.     ONE PLAINTIFF SHOULD BE DISMISSED FOR LACK OF JURISDICTION.

This Court and the District Court for the Central District of California lack subject matter jurisdiction over the claims of Robin and Timothy Thompson, plaintiffs in the *Crews* action. Plaintiffs Crews, Tomaselli, Pennington and Scharf filed their initial complaint on January 23, 2008 in the Central District of California. *See* Case No. 2:08-cv-434-FMC-RC, Docket No. 1. Plaintiffs alleged diversity jurisdiction existed pursuant to 28 U.S.C. § 1332 because Mentor is a Minnesota corporation with its principal place of business in California and Plaintiffs Crews, Tomaselli, Pennington and Scharf are residents of Washington, Virginia, Texas and Florida. *See id.* at ¶ 1. Complete diversity existed as of the filing of the initial Complaint.

On May 9, 2008, Plaintiffs filed an amended complaint "naming additional plaintiffs" including Robin and Timothy Thompson. *See* Docket No. 7. Plaintiffs alleged that the Thompsons were residents of California but that "the subsequent addition of non-diverse parties, Plaintiffs Robin Thompson and Timothy Thompson of California, does not divest this Court of jurisdiction already established." *See id.* at ¶¶ 1-2, 8.

Mentor has now had the opportunity to review Robin Thompson's medical records, which indicate that she has been a resident of California at all relevant times. Given that Mentor's principal place of business is in California, and the Thompsons are California residents, the Thompsons are non-diverse parties destroying diversity jurisdiction and their claims must be dismissed. "It is axiomatic that lack of complete diversity between the parties deprives federal

courts of jurisdiction over a lawsuit." *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Crach) 267 (1806)).

Plaintiffs rely on *Freeport –McMoran, Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991) to support the addition of the Thompsons. *Freeport* is inapplicable. There, a business filed a breach of contract action in federal court based on diversity jurisdiction. The business later assigned its interest in the contract to a partnership. Several limited partners were non-diverse. The district court permitted the substitution of the partnership pursuant to Rule 25. The Court of Appeals for the Tenth Circuit reversed the district court's bench trial judgment and held that diversity had been destroyed with the substitution of the partnership. The United States Supreme Court reversed the Tenth Circuit and held that, based on the particular facts of that case, the substitution of the partnership did not destroy diversity.

Many courts have examined the *Freeport* decision and have rejected any notion that it radically expanded diversity jurisdiction to allow the addition of non-diverse parties after an initial filing or removal. "*Freeport* does not stand for the proposition that *all* additions of nondiverse parties are permissible as long as complete diversity existed at the time of commencement of the lawsuit." *Ingram*, 146 F.3d at 861 (emphasis in original). The holding in *Freeport* relied on the assignee being substituted via Rule 25. Here, Plaintiffs amended their complaint via Rule 15. As the Eleventh Circuit in *Ingram* points out, "[t]his amendment amounts to a joinder pursuant to Fed. R. Civ. P. 20." *Id.* at 862. A non-diverse party cannot be joined to a lawsuit premised on diversity jurisdiction. *Accord American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP*, 362 F.3d 136, 140 (1st Cir. 2004) (holding that amended complaint could only preserve diversity jurisdiction if the requirements for such jurisdiction were still met and limiting application of *Freeport* to cases in which there is a post-filing transfer of

interest); *Alvarez v. Donaldson Co., Inc.*, 213 F.3d 993, 995 (7th Cir. 2000) (describing *Freeport* as a narrow holding limited to substitution of parties under Rule 25 and holding that "requiring complete diversity does not require constant inquiry into the parties' changing citizenship; it simply requires plaintiffs to establish diversity as part of an amended complaint just as they did for the original complaint.").

Because neither this Court nor the California District Court has jurisdiction over Robin and Timothy Thompson's claims, the appropriate remedy is to dismiss them from this lawsuit without prejudice and retain subject matter jurisdiction over the remaining diverse parties. District courts have authority under Rule 21 "to dismiss dispensable, nondiverse parties to cure defects in diversity jurisdiction." *Ingram*, 146 F.3d at 862 (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989)). The Thompsons should be dismissed from this lawsuit to pursue their claims in a different, appropriate, forum.

## CONCLUSION

For the foregoing reasons, Mentor respectfully requests that:

1. *Crews* Plaintiffs Erin and Samuel Oliver, Carolyn Scharf, Deidre Thompson, Robin and Timothy Thompson, and April and Sammy Suriani be removed from Phase I;

2. *Crews* Plaintiffs Jean and Richard Tomaselli be removed from Phase I (and their claims dismissed with prejudice);

3. Plaintiff Loretta Beaver be removed from Phase I;

4. Plaintiff Frieda Mann's claims be dismissed with prejudice;

5. *Crews* Plaintiffs Robin and Timothy Thompson be removed from Phase I and their claims be dismissed without prejudice;

6.      the Court extend the deadlines for the remaining Phase I plaintiffs six weeks for expert disclosures and motions for summary judgment; and

7.      grant Mentor such other relief as the law, justice and equity require.

Dated: July 1, 2009                              Respectfully submitted,

s/ John Q. Lewis
John Q. Lewis
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:   (216) 586-3939
Facsimile:    (216) 579-0212
jqlewis@jonesday.com

Designated Lead Counsel for Defendant
Mentor Corporation

**IN RE: MENTOR CORP. OBTAPE TRANSOBTURATOR
SLING PRODUCTS LIABILITY LITIGATION**          **MDL NO. 2004**

## CERTIFICATE OF SERVICE

A copy of the foregoing filing was served via ECF and by electronic mail on the following counsel this 1st day of July, 2009:

         Henry Gilbert Garrard, III
         hgg@bbgbalaw.com
         Lead and Liaison Counsel for Plaintiffs

         s/ John Q. Lewis
         Attorney for Defendant
         Mentor Corporation

CLI-1724234v2