**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| IN RE MENTOR CORP. OBTAPE TRANSOBTURATOR SLING PRODUCTS LIABILITY LITIGATION | MDL No. 2004<br><br>Master Case No. 4:08-md-2004-CDL<br><br>Indiv. Case No. 3:07-cv-88-CDL (Parker *et al.*)<br>Indiv. Case No. 3:07-cv-101-CDL (Stafford *et al.*)<br>Indiv. Case No. 3:07-cv-102-CDL (Booth *et al.*)<br>Indiv. Case No. 3:07-cv-130-CDL (Dover *et al.*) |

**DEFENDANT MENTOR WORLDWIDE LLC'S**
**MOTION FOR SUMMARY JUDGMENT ON <u>ALL</u> PHASE I**
**GEORGIA PLAINTIFFS' FRAUD-ON-THE-FDA AND DESIGN DEFECT CLAIMS**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 7.1,[1] defendant Mentor Worldwide LLC ("Mentor") moves for summary judgment in all Phase I Georgia Plaintiffs' cases because (1) federal law preempts all claims in these cases; and (2) the design defect claims in these cases fail under Georgia law.

As explained more fully in the accompanying memorandum in support of this motion, "state-law fraud-on-the-FDA claims conflict with, and are therefore impliedly pre-empted by, federal law." *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 348 (2001). These Plaintiffs allege fraud-on-the-FDA in their complaints, use fraud-on-the-FDA as the vehicle to

---

[1] Local Rule 7.1 provides that: "Where possible, multiple motions filed at the same time, in the same case, shall be consolidated into one motion with multiple, clearly labeled parts and subparts." Through this motion, Mentor has consolidated motions for summary judgment that equally apply to each and every Phase I Georgia plaintiff. Mentor separately filed motions for summary judgment with respect to individual Phase I Georgia plaintiffs based on undisputed facts unique to those individual plaintiffs.

- 2 -

establish proximate causation, and have retained experts who have offered opinions in support of their fraud-on-the-FDA claims.

Separately, Plaintiffs' design defect claims fail under Georgia law for two reasons. First, Plaintiffs have no admissible evidence showing the ObTape fails the risk-utility balancing test that, in Georgia, governs assessments regarding whether a particular design is defective. Second, Plaintiffs cannot establish that a supposed defect in ObTape proximately caused their injuries because each Plaintiff claims to suffer from injuries that in inherent in all suburethral slings, and there is no evidence connecting their alleged injuries to a claimed defect in ObTape. Accordingly, Plaintiffs' design defect claims fail under Georgia law.

For these reasons, the Court should dismiss (1) all claims based on federal preemption; and (2) all design defect claims.

Dated: January 15, 2010

Respectfully submitted,

s/ John Q. Lewis
John Q. Lewis
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:   (216) 586-3939
Facsimile:    (216) 579-0212
jqlewis@jonesday.com

Designated Lead Counsel for
Defendant Mentor Worldwide LLC

- 3 -

| | |
|---|---|
| IN RE:  MENTOR CORP. OBTAPE TRANSOBTURATOR SLING PRODUCTS LIABILITY LITIGATION | **MDL NO. 2004** |

## CERTIFICATE OF SERVICE

A copy of the foregoing motion and the accompanying memorandum in support, separate statement of material facts, and exhibits attached thereto was served via ECF and by electronic mail on the following counsel this 15th day of January 2010:

>Henry Gilbert Garrard, III
>hgg@bbgbalaw.com
>Lead and Liaison Counsel for Plaintiffs

>s/ John Q. Lewis
>Attorney for Defendant
>Mentor Worldwide LLC