**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| SHIRLEY STAFFORD and TORRENCE PINKNEY | |
| v. | Case No. 3:07-cv-101-CDL |
| MENTOR CORPORATION | |
| | |
| JEANNIE TUCKER, KENNETH TUCKER, JANICE CROWTHER, and TERRY CROWTHER | |
| v. | Case No. 3:07-cv-102-CDL |
| MENTOR CORPORATION | |
| | |
| KELLIE LOOPER | |
| v. | Case No. 3:07-cv-130-CDL |
| MENTOR CORPORATION | |

**MENTOR WORLDWIDE LLC'S PROPOSED JURY INSTRUCTIONS**

John Q. Lewis
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:     (216) 586-3939
Facsimile:     (216) 579-0212
jqlewis@jonesday.com

Designated Lead Counsel for Defendant
Mentor Worldwide LLC

## TABLE OF CONTENTS

**Mentor's Proposed Preliminary Instructions**

1.    **Introduction**

2.    **Evidence; Definition.**

3.    **Transcripts Not Available**

4.    **Exhibits Will Be Available**

5.    **Notetaking – Permitted**

6.    **Keeping An Open Mind**

7.    **Evidentiary Rulings**

8.    **Credibility Of Witnesses**

9.    **Conferences**

10.   **Order Of Proceedings**


**Mentor's Proposed Instructions (Trial Phase I)**

1.    **General Introduction**

2.    **Consideration Of The Evidence; Duty To Follow Instructions; Corporate Party Involved**

3.    **Credibility Of Witnesses**

4.    **Impeachment Of Witnesses; Inconsistent Statements**

5.    **Expert Witnesses; General Instruction**

6.    **Conflicting Evidence; Reconciliation**

7.    **Separate Cases**

8.    **Burden Of Proof**

9.    **Strict Liability In Tort; General Explanation And Burden Of Proof**

10.   **Proximate Cause**

11.   **Strict Liability; Manufacturing Defect; Deviation From Design**

12.     **Strict Liability; Design Defect; Risk-Utility Test And Factors**

13.     **Strict Liability; Design Defect; Compliance With Industry Standards Or Government Regulation**

14.     **Defect Due To Inadequate Warning**

15.     **Learned Intermediary Doctrine**

16.     **Physician's Independent Knowledge**

17.     **"Unreasonably Dangerous"**

18.     **Consent To Injury; Generally**

19.     **Affirmative Defenses; General**

20.     **Assumption Of The Risk Defense; Product Liability**

21.     **Statute Of Limitations**

22.     **Apportionment Of Fault**

23.     **Jury Deliberation; Product Defect**

24.     **Tort Damages; Preliminary Instruction**

25.     **Medical Expenses**

26.     **Duty To Mitigate; Pursuing Medical Care**

27.     **Tort Damages; Earnings, Past; Loss Of**

28.     **Tort Damages; Consortium**

29.     **Tort Damages; Pain And Suffering; Generally**

30.     **Punitive Damages; Determination Whether To Award**

31.     **Duty To Deliberate When Only The Plaintiff Claims Damages**

32.     **Deliberations**

33.     **Election Of Foreperson; Explanation Of Verdict Form(s)**


**Mentor's Proposed Instructions (Punitive Damages Phase)**

1.      **Punitive Damages; Amount**

**2.**  **Punitive Damages; Reprehensibility**

**3.**  **Punitive Damages May Not Punish For Harm To Other People**

**4.**  **Punitive Damages; Reasonable Relationship To Harm**

**5.**  **Punitive Damages; No Punishment Of Out-Of-State Conduct**

**6.**  **Punitive Damages; Dissimilar Conduct**

**7.**  **Punitive Damages; Deterrence (Purpose)**

**8.**  **Punitive Damages; Deterrence (Amount)**

**9.**  **Punitive Damages; Sympathies**

**10.**  **Punitive Damages; Conclusion**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| SHIRLEY STAFFORD and TORRENCE PINKNEY<br><br>v.<br><br>MENTOR CORPORATION | Case No. 3:07-cv-101-CDL |
| JEANNIE TUCKER, KENNETH TUCKER, JANICE CROWTHER, and TERRY CROWTHER<br><br>v.<br><br>MENTOR CORPORATION | Case No. 3:07-cv-102-CDL |
| KELLIE LOOPER<br><br>v.<br><br>MENTOR CORPORATION | Case No. 3:07-cv-130-CDL |

## MENTOR WORLDWIDE LLC'S PROPOSED PRELIMINARY INSTRUCTIONS

Mentor's Proposed Preliminary Jury Instruction No. 1

<u>Introduction</u>

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case.  By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

Source:  Eleventh Circuit Pattern Jury Instructions (Civil Cases; Preliminary Instructions Before Trial) (2005), at xvii.

Given _____          Modified _____          Refused _____

Mentor's Proposed Preliminary Jury Instruction No. 2

<u>Evidence; Definition</u>

The evidence presented to you during the trial will primarily consist of the testimony of

the witnesses, and tangible items including papers or documents called "exhibits."


Source:  Eleventh Circuit Pattern Jury Instructions (Civil Cases; Preliminary Instructions Before
Trial) (2005), at xvii.

Given _____          Modified _____          Refused _____

<u>Mentor's Proposed Preliminary Jury Instruction No. 3</u>

<u>Transcripts Not Available</u>

You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was.  Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

Source:  Eleventh Circuit Pattern Jury Instructions (Civil Cases; Preliminary Instructions Before Trial) (2005), at xvii.

Given _____          Modified _____          Refused _____

Mentor's Proposed Preliminary Jury Instruction No. 4

## Exhibits Will Be Available

On the other hand, any exhibits admitted in evidence during the trial <u>will</u> be available to you for detailed study, if you wish, during your deliberations.  So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.


Source:  Eleventh Circuit Pattern Jury Instructions (Civil Cases; Preliminary Instructions Before Trial) (2005), at xviii.

Given _____           Modified _____         Refused _____

Mentor's Proposed Preliminary Jury Instruction No. 5

Notetaking - Permitted

If you would like to take notes during the trial you may do so.  On the other hand, of course, you are not required to take notes if you do not want to.  That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors.  Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.


Source:  Eleventh Circuit Pattern Jury Instructions (Civil Cases; Preliminary Instructions Before Trial) (2005), at xviii-xix (modified).  This instruction was modified to delete the instruction limiting the subject matter of the jurors' notes to "[j]ust . . . names, or dates and places," which would be unduly restrictive in this complex, consolidated multi-plaintiff case.

Given _____          Modified _____          Refused _____

Mentor's Proposed Preliminary Jury Instruction No. 6

<u>Keeping An Open Mind</u>

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard <u>all</u> of the testimony and evidence, the closing arguments or summations of the lawyers, <u>and</u> my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case.  You should also avoid seeing or hearing any television or radio comments about the trial.  You should not attempt to conduct any independent research or search for information about the subject matter of this lawsuit or any of the parties or lawyers on the Internet during the trial.

Source:  Eleventh Circuit Pattern Jury Instructions (Civil Cases; Preliminary Instructions Before Trial) (2005), at xix-xx (modified).  This instruction was modified to add an instruction not to attempt independently to investigate or research the subject matter of the lawsuit, the parties, or the attorneys on the Internet.

Given _____          Modified _____          Refused _____

<u>Mentor's Proposed Preliminary Jury Instruction No. 7</u>

<u>Evidentiary Rulings</u>

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

Source:  Eleventh Circuit Pattern Jury Instructions (Civil Cases; Preliminary Instructions Before Trial) (2005), at xx.

Given _____          Modified _____          Refused _____

<u>Mentor's Proposed Preliminary Jury Instruction No. 8</u>

<u>Credibility Of Witnesses</u>

You must determine the credibility, or believability, of the witnesses.  Therefore, you must determine which witness or witnesses you will believe and which you will not believe, if there are any whom you do not believe.

In determining where the preponderance of the evidence lies and the credibility of witnesses, you may consider all of the facts and circumstances of the case.  You may consider:

1.      the witnesses' manner of testifying,

2.      their intelligence,

3.      their means and opportunity for knowing the facts about which they testify,

4.      the nature of the facts about which they testify,

5.      the probability or improbability of their testimony,

6.      their interest or lack of interest in the outcome of the case, and

7.      their personal credibility as it appears from the trial.

It is your duty to determine what testimony is worthy of belief and what testimony is not worthy of belief.  You may believe or disbelieve all or any part of the testimony of any witness.

In deciding this case, you should not be influenced by sympathy or prejudice because of race, creed, color, national origin, local or remote residence, or corporate or economic status for or against either party.

Source:  Georgia Suggested Pattern Instruction Nos. 00.050, 02.550 (modified); O.C.G.A. § 15-12-138.

Given _____          Modified _____          Refused _____

Mentor's Proposed Preliminary Jury Instruction No. 9

Conferences

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Source: Eleventh Circuit Pattern Jury Instructions (Civil Cases; Preliminary Instructions Before Trial) (2005), at xxi.

Given _____          Modified _____          Refused _____

<u>Mentor's Proposed Preliminary Jury Instruction No. 10</u>

<u>Order Of Proceedings</u>

The order of the trial's proceedings will be as follows:  In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements."  The Plaintiffs will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiffs' "case in chief."  When the Plaintiffs finish (by announcing "rest"), the Defendant will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiffs may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial.  The Plaintiffs proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiffs as I will further explain to you as a part of my final instructions.

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now as well as the arguments they present at the end of the trial are not to be considered by you either as evidence in the case or as your instruction on the law.  Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both

sides.  So I ask that you now give the lawyers your close attention as I recognize them for

purposes of opening statements.


Source:  Eleventh Circuit Pattern Jury Instructions (Civil Cases; Preliminary Instructions Before
Trial) (2005), at xxi-xxii.

Given _____          Modified _____          Refused _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| SHIRLEY STAFFORD and TORRENCE PINKNEY | |
| v. | Case No. 3:07-cv-101-CDL |
| MENTOR CORPORATION | |
| | |
| JEANNIE TUCKER, KENNETH TUCKER, JANICE CROWTHER, and TERRY CROWTHER | |
| v. | Case No. 3:07-cv-102-CDL |
| MENTOR CORPORATION | |
| | |
| KELLIE LOOPER | |
| v. | Case No. 3:07-cv-130-CDL |
| MENTOR CORPORATION | |

**MENTOR WORLDWIDE LLC'S PROPOSED INSTRUCTIONS (TRIAL PHASE I)**

Mentor's Proposed Trial Phase I Instruction No. 1

<u>General Introduction</u>

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions — what we call your deliberations.

Source:  Eleventh Circuit Pattern Jury Instructions (Civil Cases; Basic Instructions) (2005), at 4.

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 2

<u>Consideration Of The Evidence; Duty To Follow Instructions; Corporate Party Involved</u>

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence — that is, the testimony of the witnesses and the exhibits I have admitted in the record — but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Source:  Eleventh Circuit Pattern Jury Instruction No. 2.2 (Civil Cases; Basic Instructions) (2005).

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 3

<u>Credibility Of Witnesses</u>

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must

<u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each

witness had to say, and how important that testimony was.  In making that decision you may

believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying

concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask

yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the

witness have any particular reason not to tell the truth?  Did the witness have a personal interest

in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have

the opportunity and ability to observe accurately the things he or she testified about?  Did the

witness appear to understand the questions clearly and answer them directly?  Did the witness'

testimony differ from other testimony or other evidence?

Source:  Eleventh Circuit Pattern Jury Instruction No. 3 (Civil Cases; Basic Instructions) (2005).

Given _____                    Modified _____               Refused _____

<u>Mentor's Proposed Trial Phase I Instruction No. 4</u>

<u>Impeachment Of Witnesses; Inconsistent Statement</u>

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Source: Eleventh Circuit Pattern Jury Instruction No. 4.1 (Civil Cases; Basic Instructions) (2005).

Given _____        Modified _____        Refused _____

Mentor's Proposed Trial Phase I Instruction No. 5

## Expert Witnesses; General Instruction

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

Source:  Eleventh Circuit Pattern Jury Instruction No. 5.1 (Civil Cases; Basic Instructions) (2005).

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 6

<u>Conflicting Evidence; Reconciliation</u>

Any conflicts in the evidence are to be reconciled whenever possible.  All witnesses are

presumed to speak the truth, and if possible, you should not attribute a false statement to any of

them.  If you find that you cannot reconcile conflicting evidence, then you should believe the

evidence that is most reasonable and believable to you and decide the case by the preponderance

of the evidence as you find it to be.


Source:  Georgia Suggested Pattern Instruction No. 02.140.

Given _____                    Modified _____          Refused _____

<u>Mentor's Proposed Trial Phase I Instruction No. 7</u>

<u>Separate cases</u>

Although these plaintiffs' cases are being tried together in one trial, each plaintiff has his or her own unique case against Mentor.  You must consider each plaintiff's individual case separately.  In deciding a particular plaintiff's case, you must consider only the evidence admitted in that plaintiff's case, and you must consider that evidence only for the purpose for which it was admitted in that plaintiff's case, as I have instructed you throughout trial.

You should not let your findings in any one particular plaintiff's case influence the findings you make in any other plaintiff's case.  You must decide each plaintiff's case separately on its own merit.

Source:  3/3/10 Order, Dkt. No. 209, at 8 ("the jury can and will be instructed to consider Plaintiffs' claims separately"); *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (11th Cir. 1998); *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999); Fed. R. Evid. 105.

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 8

Burden Of Proof

The plaintiffs have the burden of proof, which means that each plaintiff must prove whatever it takes to make his or her individual case, except for any admission by the defendant. Each plaintiff must prove his or her case by what is known as a preponderance of the evidence; that is, evidence upon the issues involved, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other.

Source:  Georgia Suggested Pattern Instruction No. 02.020 (modified).  This instruction was modified to refer to "each plaintiff" (rather than to "the plaintiff") and to each plaintiff's "individual" case.

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 9

<u>Strict Liability In Tort; General Explanation And Burden Of Proof</u>

Plaintiffs Janice Crowther, Shirley Stafford, Jeannie Tucker, and Torrence Pinkney each contends that she or he was injured because of a defective product, ObTape, manufactured by the defendant, Mentor Corporation.

The manufacturer of a product that is sold as new property may be liable or responsible to any person who is injured because of a defect in the product that existed at the time the manufacturer sold the product.  However, a manufacturer of a product is not an insurer, and the fact that a product may cause an injury does not necessarily make the manufacturer liable.  To recover damages under this rule, a person injured by an allegedly defective product must establish the following three elements by a preponderance of the evidence:

1)      the product was defective,

2)      the defect existed at the time the product left the manufacturer's control, and

3)      the defect in the product was the proximate cause of the plaintiff's injury.

The types of product defects alleged by each plaintiff are a manufacturing defect, a design defect, and a defect because of inadequate warning.  There is no single general way to define what constitutes a defect in a product.  Whether or not a product is defective is a question of fact to be determined by you, the jury, in each case, based on the instruction that I will give you.

Source:  Georgia Suggested Pattern Jury Instruction No. 62.610 (modified).  This instruction was modified as contemplated by the pattern instruction, to include specific references to the names of the plaintiffs and the defendant, and to the product at issue.

Given _____                     Modified _____            Refused _____

Mentor's Proposed Trial Phase I Instruction No. 10

Proximate Cause

Proximate cause is that which, in the natural and continuous sequence, unbroken by other causes, produces an event and without which the event would not have occurred.  Proximate cause is that which is nearest in the order of responsible causes, as distinguished from remote, that which stands last in causation, not necessarily in time or place, but in causal relation.

Source:  Georgia Suggested Pattern Jury Instruction No. 62.610.

Given _____               Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 11

### Strict Liability; Manufacturing Defect; Deviation From Design

A manufacturer has a duty to exercise reasonable care in manufacturing a product that is reasonably safe for its intended or foreseeable uses.  A manufacturing defect is an unintended flaw or abnormal condition that occurs during the production of a product that makes the product more dangerous than it would have been had the product been manufactured as specified.  A manufacturing defect may be indicated by comparing the questioned product to properly manufactured items in the same product line.

To conclude that a manufacturing defect exists in a product and that the plaintiff is entitled to recover, you must find by a preponderance of the evidence that:

1)      the product deviated from the manufacturer's intended design or production specifications,

2)      that deviation existed at the time the product left the manufacturer's control, and

3)      the deviation was the proximate cause of the plaintiff's injury.


Source:  Georgia Suggested Pattern Jury Instruction No. 62.630.

Given _____          Modified _____          Refused _____

<u>Mentor's Proposed Trial Phase I Instruction No. 12</u>

<u>Strict Liability; Design Defect; Risk-Utility Test And Factors</u>

A product may be found to be defective because of its particular design.  Although a manufacturer is not required to ensure that a product design is incapable of producing injury, the manufacturer has a duty to exercise reasonable care in choosing the design for a product.

To determine whether a product suffers from a design defect, you must balance the inherent risk of harm in a product design against the utility or benefits of that product design. You must decide whether the manufacturer acted reasonably in choosing a particular product design by considering all relevant evidence, including the following factors:

1)      the usefulness of the product;

2)      the severity of the danger posed by the design;

3)      the likelihood of that danger;

4)      the openness and obviousness of the danger;

5)      the avoidability of the danger, considering the user's knowledge of the product, publicity surrounding the danger, the effectiveness of the warnings, and common knowledge or the expectation of danger;

6)      the user's ability to avoid the danger;

7)      the technology available when the product was manufactured;

8)      the ability to eliminate the danger without impairing the product's usefulness;

9)      the convenience and durability of the product;

10)     alternative designs for the product available to the manufacturer; and

11)     the manufacturer's compliance with industry standards or governmental regulations.

If you decide that the risk of harm in the product's design outweighs the utility of that particular design, then the manufacturer exposed the consumer to greater risk of danger than the manufacturer should have in using that product design, and the product is defective.  If after balancing the risks and utility of the product, you find by a preponderance of the evidence that a particular plaintiff's ObTape suffered from a design defect and that defect proximately caused that plaintiff's injuries, then that plaintiff is entitled to recover for defective design.

Source:  Georgia Suggested Pattern Jury Instruction Nos. 62.640 and 62.650 (modified); *Cornish v. Byrd Welding Serv., Inc.*, 252 Ga. App. 793, 557 S.E.2d 432, 433 (2001) (the open and obviousness of the danger is one of the factors to be considered in the risk-utility analysis).  This instruction was modified to add the openness and obviousness of the danger as a factor consistent with Georgia law and to eliminate factors in the pattern instruction not applicable to avoid juror confusion.

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 13

Strict Liability; Design Defect; Compliance With Industry Standards Or Government Regulation

In determining whether a product was defective, you may consider proof of a manufacturer's compliance with federal or state safety standards or regulations and industrywide customs, practices, or design standards.  Compliance with such standards or regulations is a factor to consider in deciding whether the product design selected was reasonable considering the feasible choices of which the manufacturer knew or should have known.  However, a product may comply with such standards or regulations and still contain a design defect.

Source:  Georgia Suggested Pattern Jury Instruction No. 62.670.

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 14

### Defect Due To Inadequate Warning

A manufacturer has a duty to give an adequate warning of a known or reasonably foreseeable danger arising from the use of a product.  A manufacturer's duty to warn may be breached by

      a)      failing to provide an adequate warning of the product's potential dangers or

      b)      failing to adequately communicate the warning provided.

A product, however well or carefully made, that is sold without an adequate warning of such danger may be said to be in a defective condition.  If you find by a preponderance of the evidence that the manufacturer did not warn or did not adequately warn when a warning should have been given, then you may find the product to be defective for that reasons, and the plaintiff is entitled to recover.

Source:  Georgia Suggested Pattern Jury Instructions No. 62.680 (modified).  This instruction was modified to eliminate language inconsistent with Georgia's learned intermediary doctrine.

Given _____                    Modified _____                 Refused _____

Mentor's Proposed Trial Phase I Instruction No. 15

<u>Learned Intermediary Doctrine</u>

ObTape is a prescription implantable medical device that can be obtained only by a physician.  The physician acts as a learned intermediary between the manufacturer and the patient.  All implantable medical devices have risks of possible complications and injury.  It is the physician's duty to assess the medical risks in light of the physician's knowledge of the patient's particular need and susceptibilities and to weigh the benefits against the potential dangers in deciding whether to implant a medical device like ObTape.  The physician also has sole responsibility for advising his patients of dangers associated with the use of ObTape.

For this reason, the manufacturer, Mentor, had a duty to warn only the prescribing doctors of the dangers of which it knew or should have known at the time each plaintiff's ObTape left Mentor's control.  Mentor had no duty to warn the plaintiffs directly.

Source:  *Ellis v. C.D. Bard, Inc.*, 311 F.3d 1272, 1279-81 (11th Cir. 2002); *Wheat v. Sofamor, S.N.C.*, 46 F. Supp. 2d 1351, 1363 (N.D. Ga. 1999); *McCombs v. Synthes (U.S.A)*, 277 Ga. 252, 253, 587 S.E.2d 594, 595 (2003); *Williams v. Am. Med. Sys.*, 248 Ga. App. 682, 685, 548 S.E.2d 371 (2001); *Lance v. Am. Edwards Labs.*, 215 Ga. App. 713, 716, 452 S.E.2d 185, 187 (1994); *Hawkins v. Richardson-Merrell, Inc.*, 147 Ga. App. 481, 483, 249 S.E.2d 286, 288 (1978).

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 16

Physician's Independent Knowledge

Even if you find that Mentor failed adequately to warn a particular plaintiff's physician about a risk of ObTape that Mentor knew or reasonably should have foreseen, if you also find that that plaintiff's physician had independent knowledge of that risk from another source, such as his education or experience, then, as a matter of law, Mentor's failure to warn is not the proximate cause of that plaintiff's injury and you should find for Mentor, and not for that plaintiff, with respect to that plaintiff's failure-to-warn claim.

Source:  Georgia Suggested Pattern Jury Instruction No. 62.682 (modified); *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 816 (11th Cir. 2010); *Ellis v. C.D. Bard, Inc.*, 311 F.3d 1272, 1283 n.8 (11th Cir. 2002); *Wheat v. Sofamor, S.N.C.*, 46 F. Supp. 2d 1351, 1363 (N.D. Ga. 1999); *Baker v. Smith & Nephew Richards, Inc.*, Nos. Civ. A. 1:97-CV1233RWS, -CV1234RWS, -CV1540RWS, 1999 WL 1129650, at *7 (N.D. Ga. Sept. 30, 1990).

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 17

### "Unreasonably Dangerous"

Strict liability cannot be imposed merely because a product may be dangerous.  Many products cannot be made completely safe for their intended use and some products cannot be made safe at all.  Thus, if a product is properly prepared, manufactured, packaged and accompanied with adequate warnings and instructions, it cannot be said to be defective.  Under Georgia law, there is no liability for an "unreasonably dangerous product" absent some defect or defective condition.

Source:  O.C.G.A. § 51-1-11; *Center Chemical Co. v. Parzini*, 234 Ga. 868, 218 S.E.2d 580 (1975); *Wheat v. Sofamor, S.N.C.*, 46 F. Supp. 2d 1351 (N.D. Ga. 1999).

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 18

<u>Consent to Injury; Generally</u>

As a general rule there can be no tort or legal wrong committed against a person consenting to it, if that consent is free and not obtained by fraud and is the action of a sound mind.

Source:  Georgia Suggested Pattern Jury Instruction No. 62.510.

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 19

<u>Affirmative Defenses; General</u>

If after considering all the evidence, you do not believe by a preponderance of the evidence that a particular plaintiff's ObTape was defective by reason of a manufacturing defect, design defect, or a lack of adequate warning or that an ObTape defect was the proximate cause of a particular plaintiff's injury, then you would end your deliberations with respect to that plaintiff; that plaintiff would not be entitled to recover; and you would return a verdict for Mentor with respect to that plaintiff.

If, however, you find by a preponderance of the evidence that a particular plaintiff's ObTape was defective by reason of a manufacturing defect, design defect, or a lack of adequate warning and that defect was the proximate cause of that plaintiff's injury, you must then consider the defense raised by Mentor with respect to that plaintiff.

In this case, Mentor raises two defenses:

1.	Assumption of the risk, against all plaintiffs.

2.	Statute of Limitations, against plaintiff Jeannie Tucker.


Source:  11th Circuit Pattern Jury Instruction No. 2.2 (Civil Cases; State Claim Instructions) (2005) (modified).  This instruction was modified to (a) isolate the affirmative defense subject matter from the other matters combined with it in the Eleventh Circuit pattern instruction (which are addressed here in separate instructions), and (b) specifically reference Mentor's defenses.


Given _____		Modified _____		Refused _____

Mentor's Proposed Trial Phase I Instruction No. 20

## Assumption Of The Risk Defense; Product Liability

If a person knows of a product's defect and is aware of the danger but nevertheless proceeds unreasonably to make use of the product, he or she cannot later hold another person responsible for any injury suffered due to taking such a risk.  If you find that a particular plaintiff's ObTape was defective, and if you also find by a preponderance of the evidence that

      1)      that plaintiff knew of the danger posed by the defective product,

      2)      that plaintiff understood and appreciated the risks of that defect, and

      3)      that plaintiff knowingly and voluntarily exposed herself to such a risk, then that

plaintiff would not be entitled to recover for the resulting injury or damages, and you would return a verdict for Mentor with respect to that plaintiff.

Source:  Georgia Suggested Pattern Jury Instruction No. 62.710 (modified); *Garner v. Rite Aid of Ga., Inc.*, 265 Ga. App. 737, 739-740, 595 S.E.2d 582, 585 (2004); *Center Chemical Co. v. Parzini*, 234 Ga. 868, 218 S.E.2d 580 (1975); *Sharpnack v. Hoffinger Industries Inc.*, 223 Ga. App. 833, 279 S.E.2d 433 (1996); *Raymond v. Amanda Co., LTD.*, 925 F. Supp. 1572 (N.D. Ga. 1996).  This instruction was modified to (a) refer to "a particular plaintiff" and "that plaintiff" (as opposed to "the plaintiff"), and (b) to clarify that the jury need not address Mentor's defenses unless it first finds for a particular plaintiff on the elements of his or her substantive claim.

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 21

<u>Statute Of Limitations</u>

Lawsuits upon claims must be filed within specified periods of time after the claims arise and if not filed within that time, they are barred by the statute of limitations and no recovery shall be allowed.

Plaintiffs Jeannie Tucker filed her lawsuit on August 14, 2007. The statute of limitations for her claims is two years. Accordingly, her claim would be barred by the law if you determine that Ms. Tucker knew, or with reasonable diligence should have known, of her injury and the cause thereof before August 14, 2005. If you find by a preponderance of the evidence that Mrs. Tucker discovered, or with reasonable diligence should have discovered, her injury and the cause thereof before August 14, 2005, then you would return a verdict in favor of Mentor on all of Ms. Tucker's claims.

Source: Georgia Suggested Pattern Jury Instruction No. 38.010; O.C.G.A. § 9-3-33; *Waters v. Rosenbloom*, 268 Ga. 482, 483, 490 S.E.2d 73, 75 (1997).

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 22

### Apportionment Of Fault

Mentor contends that plaintiff [specify]'s implanting physician, Dr. [name] was completely or partially at fault for [specific plaintiff's] injuries.  Specifically, Mentor alleges that the Plaintiff's implanting physician [describe the specific act(s) or omission(s) asserted as negligence].  If you find by a preponderance of the evidence that Dr. [name] was completely at fault for plaintiff [specify]'s injuries, then Mentor's conduct was not the proximate cause of that plaintiff's injuries, and you would return a verdict for Mentor with respect to that plaintiff's claims.

If, on the other hand, you find by a preponderance of the evidence that Dr. [name] was only partially at fault for plaintiff [specify]'s injuries, then you must determine the percentage of Dr. [name]'s fault and write that percentage in the appropriate place on the special verdict form.  Such a finding would not prevent the plaintiff from recovering; the Court will merely reduce any damages awarded to that plaintiff against Mentor by the percentage that you insert.

Source:  O.C.G.A. § 51-12-33(c).  [Factual details in the instruction will be supplied based on the evidence presented at trial.]

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 23

<u>Jury Deliberation; Product Defect</u>

If you find by a preponderance of the evidence that a particular plaintiff's ObTape was defective when it left Mentor's control and that that particular plaintiff's injury was caused by ObTape, then you would return a verdict for that plaintiff, unless you find that that plaintiff should not recover because of Mentor's defenses of assumption of risk, statute of limitations (for plaintiff Jeannie Tucker), or some other principle of law given to you in these charges.

If after considering all the evidence, you do not believe by a preponderance of the evidence that a particular plaintiff's ObTape was defective when it left Mentor's control or that a particular plaintiff's ObTape was the proximate cause of her or his injury, then you would end your deliberations; that plaintiff would not be entitled to recover; and you would return a verdict for Mentor.

Source:  Georgia Suggested Pattern Jury Instruction No. 62.720 (modified).  This instruction was modified to (a) add specific references to "a particular plaintiff" and "that plaintiff" (as opposed to "the plaintiff"), and (b) add specific references to ObTape and Mentor, and (c) add specific references to Mentor's defenses.

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 24

### Tort Damages; Preliminary Instructions

Damages are given as pay or compensation for injury done.

When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that a particular plaintiff is entitled to recover, you should award to that plaintiff such sums as you believe are reasonable and just in this case.

Source:  Georgia Suggested Pattern Jury Instruction No. 66.001 (modified).  This instruction was modified to refer to "a particular plaintiff" and "that plaintiff" (rather than to "the plaintiff").

Given _____            Modified _____         Refused _____

Mentor's Proposed Trial Phase I Instruction No. 25

<u>Medical Expenses</u>

Necessary expenses resulting from an injury are a legitimate item of damages.  As to medical expenses, such as hospital, doctor, and medicine bills, the amount of the damage would be the reasonable value of such expense as was reasonably necessary.


Source:  Georgia Suggested Pattern Jury Instruction No. 66.040 (modified).  The instruction was modified by deleting the introductory clause ("In all cases") to avoid the erroneous inference that the Court is instructing the jury that it must award medical expense damages in this case.

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 26

### Duty To Mitigate; Pursuing Medical Care

A plaintiff has a duty to minimize damages by following the expert recommendations of the physicians.  In other words, a person who has suffered injury by reason of a defendant's fault is bound to use reasonable and proper effort to make the damages as small as practicable, and to act in good faith to adopt reasonable methods and follow reasonable programs of medical care or treatment to restore or correct the injured condition.

Failure of a plaintiff to make a reasonable effort to minimize damages does not prevent all recovery, but does prevent recovery of such damages as might have been avoided.

Source:  Eleventh Circuit Pattern Jury Instruction No. 1.2 (Civil Cases; Supplemental Damages Instructions) (2005) (modified).  This instruction was modified to (a) refer to "a plaintiff" (rather than to "the plaintiff") and (b) refer to the defendant's "fault" (rather than to its "negligence").

Given _____              Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 27

Tort Damages; Earnings, Past; Loss Of

Loss of earnings is a legal item of damages, and its measure is the value of the earnings that the evidence shows with reasonable certainty the plaintiff has lost as a result of the injury. You may consider what the plaintiff was making at the time of the injury, what was made since the injury, the amount customarily paid in the locality for the kind of work the plaintiff does, and similar matters.  There must be some evidence before you as to the plaintiff's loss of earnings.

Source:  Georgia Suggested Pattern Jury Instruction No. 66.100 (modified).  The instruction was modified to delete reference to the timeframe "from the time of the alleged injury to the time of trial," because the evidence is not expected to support an award of lost earnings damages "to the time of trial."

Given _____            Modified _____        Refused _____

Mentor's Proposed Trial Phase I Instruction No. 28

Tort Damages; Consortium

Terry Crowther, husband of Janice Crowther; Kenneth Tucker, husband of Jeannie Tucker; and Torrence Pinkney, husband of Shirley Stafford, seek damages for loss of consortium. A married person has a right to recover for the loss of consortium, sometimes called loss of services, of the spouse. You should be careful to remember that services the law refers to are not only household labor but also society, companionship, affection, and all matters of value arising from marriage. There does not have to be any direct evidence of their value, but the measure of damages is their reasonable value, as determined by the enlightened conscience of impartial jurors taking into consideration the nature of the service and all the circumstances of the case.

If you find in favor of any of the plaintiffs Janice Crowther, Shirley Stafford, or Jeannie Tucker, then you should consider whether to award any money to her husband (Terry Crowther, Torrence Pinkney, or Kenneth Tucker) and, if so, how much, for loss of consortium. If you find against any of the plaintiffs Janice Crowther, Shirley Stafford, or Jeannie Tucker, then you should not make any loss of consortium award to her husband.

Source: Georgia Suggested Pattern Jury Instruction No. 66.400 (modified); *Briddle v. Cornerstone Lodge of Am., LLC*, 288 Ga. App. 353, 654 S.E.2d 188 (2007); *Groover v. Dickey*, 173 Ga. App. 73, 325 S.E.2d 617 (1984). This instruction was modified to refer specifically to the consortium plaintiffs and to instruct on the derivative nature of loss of consortium claims consistent with Georgia law.

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 29

Tort Damages; Pain And Suffering; Generally

Pain and suffering is a legal item of damages.  The measure is the enlightened conscience of fair and impartial jurors.  Questions of whether, how much, and how long the plaintiff has suffered or will suffer are for you to decide.

Source:  Georgia Suggested Pattern Jury Instruction No. 66.501.

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 30

Punitive Damages; Determination Whether To Award

In tort actions, there may be aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages.

Before you may impose punitive damages to a particular plaintiff, that plaintiffs must prove that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences. The plaintiff must prove that the defendant is liable for punitive damages by a higher standard than that for proof of other damages; that is, by clear and convincing evidence.

Clear and convincing evidence is defined as evidence that will cause the jury to firmly believe each essential element of the claim to a high degree of probability. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence.

If a particular plaintiff fails to prove, by clear and convincing evidence, that Mentor was guilty of willful misconduct, malice, fraud, wantonness, oppression, or entire want of care that would raise the presumption of conscious indifference to consequences, then you would not be authorized to award punitive damages.

Mere negligence, although amounting to gross negligence, will not alone authorize an award of punitive damages.

Punitive damages, when authorized, are awarded not as compensation to the plaintiff but solely to punish, penalize, or deter a defendant. In your verdict, you should specify whether you do or do not decide that a particular plaintiff should receive punitive damages.

Source: Georgia Suggested Pattern Jury Instructions No. 02.040, 66.700, and 66.702 (modified). These instructions were combined and modified to (a) add specific reference to "a particular plaintiff" (rather than to refer to "the plaintiff"), and (b) add specific reference to Mentor.

Given _____          Modified _____          Refused _____

<u>Mentor's Proposed Trial Phase I Instruction No. 31</u>

<u>Duty To Deliberate When Only The Plaintiff Claims Damages</u>

Of course, the fact that I have given you instructions concerning the issue of plaintiffs' damages should not be interpreted in any way as an indication that I believe that any particular plaintiff should, or should not, prevail in this case.

I want to emphasize to you that anything the court did or said during the trial of this case was not intended to and did not intimate, hint, or suggest to you which of the parties should prevail. Whichever party is entitled to a verdict is a matter entirely for you to determine. The court's interest is to ensure that the case is fairly presented according to law and that you – as honest, conscientious and impartial jurors – consider the case as the court has instructed you and return a verdict that speaks the truth as you find the truth of the case to be.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges — judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Source:  Eleventh Circuit Pattern Jury Instruction No. 7.1 (Civil Cases; Basic Instructions) (2005) (modified); O.C.G.A. § 9-10-7.  The second paragraph of this instruction is drawn from O.C.G.A. § 9-10-7.

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 32

## Deliberations

As you conduct your deliberations, you should continue to avoid reading any newspaper articles that might be published about the case.  You should also continue to avoid seeing or hearing any television or radio comments about the trial.  You should also continue not attempt to conduct any independent research or search for information about the subject matter of this lawsuit or any of the parties or lawyers on the Internet during the trial.


Source:  Source:  Eleventh Circuit Pattern Jury Instructions (Civil Cases; Preliminary Instructions Before Trial) (2005), at xix-xx (modified).  This instruction was modified to (a) be appropriate as a closing charge, (b) add an instruction not to attempt independently to investigate or research the subject matter of the lawsuit, the parties, or the attorneys on the Internet.

Given _____          Modified _____          Refused _____

Mentor's Proposed Trial Phase I Instruction No. 33

Election Of Foreperson; Explanation Of Verdict Form(s)

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Source:  Eleventh Circuit Pattern Jury Instruction No. 8 (Civil Cases; Basic Instructions) (2005).

Given _____          Modified _____          Refused _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| SHIRLEY STAFFORD and TORRENCE PINKNEY | |
| v. | Case No. 3:07-cv-101-CDL |
| MENTOR CORPORATION | |
| | |
| JEANNIE TUCKER, KENNETH TUCKER, JANICE CROWTHER, and TERRY CROWTHER | |
| v. | Case No. 3:07-cv-102-CDL |
| MENTOR CORPORATION | |
| | |
| KELLIE LOOPER | |
| v. | Case No. 3:07-cv-130-CDL |
| MENTOR CORPORATION | |

**MENTOR WORLDWIDE LLC'S**
**PROPOSED INSTRUCTIONS (PUNITIVE DAMAGES PHASE)**

<u>Mentor's Proposed Punitive Damages Phase Instruction No. 1</u>

<u>Punitive Damages; Amount</u>

You have decided to impose punitive damages.  Next you must determine the appropriate amount of punitive damages to impose.  In determining the appropriate amount of punitive damages to award to the plaintiff, you should consider all the evidence admitted in the plaintiff's case in the first phase of the trial, plus any evidence admitted in the plaintiff's case in the most recent phase of the trial.  You should also bear in mind that the plaintiff's injury has already been made whole by your award of compensatory damages.  The sole purpose of punitive damages is to punish, penalize, or deter the defendant, and the amount you impose should reflect that purpose only.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the defendant for the specific conduct that harmed the plaintiff in the case and <u>for only that conduct</u>.  For example, you cannot assess punitive damages for the defendant being a distasteful business.  Punitive damages are meant to punish the defendant for this conduct only and not for conduct that occurred at another time.  Your only task is to punish the defendant for the actions it took in this particular case.

Source:  Georgia Suggested Pattern Jury Instruction No. 66.740 (modified); Eleventh Circuit Pattern Jury Instruction No. 2.1 (Civil Cases; Supplemental Damages Instructions) (2005).  The first paragraph of this instruction is taken from Georgia Suggested Pattern Jury Instruction No. 66.740 and was modified to refer to the evidence "admitted in the plaintiff's case" in light of the consolidated nature of the trial.  The second paragraph of this instruction is taken from Eleventh Circuit Pattern Jury Instruction No. 2.1 (Civil Cases) (2005) to incorporate federal constitutional limits on awards of punitive damages imposed by United States Supreme Court decisions.

Given _____          Modified _____          Refused _____

<u>Mentor's Proposed Punitive Damages Phase Instruction No. 2</u>

<u>Punitive Damages; Reprehensibility</u>

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages.  If you decide to award punitive damages, in determining the amount you should consider whether Mentor's conduct was reprehensible.  Not all conduct that is eligible for punitive damages is equally reprehensible.  In evaluating how reprehensible the conduct may have been, you may consider:

1.   Whether Mentor, in designing the product, attempted to comply with applicable government or industry safety standards;

2.   Whether Mentor engaged in safety testing;

3.   Whether Mentor took steps to warn consumers about possible injuries;

4.   Whether Mentor affirmatively concealed from plaintiff its knowledge of defects known to cause injury;

5.   Whether Mentor has erected a mechanism for receiving customer complaints and monitoring product safety;

6.   Whether and how Mentor has investigated product-related injuries;

7.   Whether Mentor voluntarily took measures to make its product safer; and

8.   Whether Mentor issued new or additional safety warnings.

Source:  *State Farm Mutual life Inc., Co. v. Campbell,* 538 U.S. 408, 419 (2003); *BMW of N. Am v. Gore,* 517 U.S. 559, 575 (1961) (reprehensibility factor "reflects the accepted view that some wrongs are more blameworthy than others").

Given _____          Modified _____          Refused _____

Mentor's Proposed Punitive Damages Phase Instruction No. 3

<u>Punitive Damages May Not Punish For Harms To Other People</u>

You have heard evidence about individuals other than the plaintiff who claim to have been harmed by Mentor and ObTape.  Any individuals other than the plaintiff who might claim to have been harmed by Mentor have the right to bring their own lawsuit seeking compensatory and punitive damages for the wrong, if any, done to them.  Therefore, you may not impose punitive damages for the purpose of punishing Mentor for any wrong except the wrong done to the plaintiff in this case.

Source:  *State Farm Mut. Life Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 1523 (2003) ("Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of reprehensibility analysis. . . .   Punishment on these bases creates the possibility of multiple punitive damages awards for the same conduct; for in the usual case nonparties are not bound by the judgment some other plaintiff obtains.").

Given _____          Modified _____          Refused _____

Mentor's Proposed Punitive Damages Phase Instruction No. 4

Punitive Damages; Reasonable Relationship To Harm

If you decide to award punitive damages to the plaintiff, the amount of punitive damages must bear a reasonable relationship to the plaintiff's harm caused by Mentor's punishable misconduct.

Source:  *State Farm Mut. Auto Ins. v. Campbell*, 538 U.S. 408, 425, 123 S. Ct. 1513, 1524 (2008) (The "precise award in any case, of course, must be based upon the facts and circumstance of the defendant's conduct and the harm to the plaintiff."; "[C]ourts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered").  *BMW of North American Inc. v. Gore*, 517 U.S. at 580-82 ("exemplary damages must bear a 'reasonable relationship' to compensatory damages . . .").

Given _____                Modified _____           Refused _____

Mentor's Proposed Punitive Damages Phase Instruction No. 5

Punitive Damages; No Punishment Of Out-of-State Conduct

You have heard evidence about Mentor's conduct that occurred in other states and other countries.  You may not impose punitive damages against Mentor for conduct that occurred outside of the state of Georgia.  Accordingly, you may not impose punitive damages against Mentor for any injuries that may have occurred in other states, or for the purpose of changing Mentor's conduct outside the State of Georgia.

Source:   *State Farm Mut. Life Ins. Co. v. Campbell*, 538 U.S. 408, 409, 123 S. Ct. 1513, 1522 (2003) ("A state cannot punish a defendant for conduct that may have been lawful where it occurred . . .  Nor, as a general rule, does a State have a legitimate interest in imposing punitive damages to punish a defendant for unlawful acts committed outside of the State's jurisdiction."); *Id.* at 422 ("A jury must be instructed, furthermore, that it may not use evidence of out-of-state conduct to punish a defendant for action that was lawful in the jurisdiction where it occurred."); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 585, 116 S. Ct. 1589, 1591 (1996) ("While each State has ample power to protect its own consumers, none may use the punitive damages deterrent as a means of imposing its regulatory policies on the entire nation."); *New York Life Ins. Co. v. Head*, 234 U.S. 149, 161, 34 S. Ct. 879, 882 (1914) ("[I]t would be impossible to permit the statutes of Missouri to operate beyond the jurisdiction of that State . . . without throwing down the constitutional barriers by which all the States are restricted within the orbits of their lawful authority and upon the preservation of which the Government under the Constitution depends."); *White v. Ford Motor Co.,* 312 F.3d 998, 1020 (9th Cir. 2002) ("The district court's refusal to limit the jury to consideration of Nevada's interests, combined with the plaintiffs' lawyers exhortations to let the decision resonate 'across the country,' compels us to conclude that the jury here was permitted to engage in 'a due process violation of the most basic sort' when it arrived at its punitive damages award.").

Given _____          Modified _____          Refused _____

Mentor's Proposed Punitive Damages Phase Instruction No. 6

<u>Punitive Damages; Dissimilar Conduct</u>

You have heard evidence of other conduct by Mentor.  For the purpose of aggravation of punitive damages, you may not consider evidence of any conduct of Mentor that is dissimilar to that which resulted in the plaintiff's injury.

Source:  Georgia Suggested Pattern Instruction No. 66.721 (modified).  This instruction was modified to refer specifically to Mentor.

Given _____          Modified _____          Refused _____

Mentor's Proposed Punitive Damages Phase Instruction No. 7

Punitive Damages; Deterrence (Purpose)

In determining how much punishment is necessary to achieve the goal of appropriate

deterrence, you may consider the extent to which liability for payment of compensatory damages

to plaintiff will deter the defendant and others from engaging in similar misconduct in the future.

Source:  *Browning-Ferris Indus. Inc. v. Kelco Disposal Inc.*, 492 U.S. 257, 282, 109 S. Ct. 2909
(1989) (O'Connor, J., concurring in part and dissenting in part); *Memphis Community School Dis.
v. Stachura*, 477 U.S. 299, 307 106 S. Ct. 2537, 2543 (1986) ("Deterrence. . . operates through
the mechanism of damages that are compensatory.").

Given _____                   Modified _____               Refused _____

Mentor's Proposed Punitive Damages Phase Instruction No. 8

Punitive Damages; Deterrence (Amount)

If you determine that some amount of punitive damages should be imposed on Mentor,

you are instructed that the award must be in the least amount necessary to achieve deterrence of

future misconduct.

Source:  *BMW of N. Am., Inc. v. Gore*, 517, U.S. 559, 584-85 (1996) ("The sanction imposed in
this case cannot be justified on the ground that it was necessary to deter future misconduct
without considering whether less drastic remedies could be expected to achieve that goal . .  In
absence of a history of noncompliance with known statutory requirements, there is no basis for
assuming that a more modest sanction would not have been sufficient to motivate full
compliance with the [law]."); *see also State Farm Mut. Life Ins. Co. v. Campbell*, 538 U.S. 408,
424, 123 S. Ct.  1513, 1524 (2003) ("[C]ourts must ensure that the measure of punishment is
both reasonable and proportionate to the amount of harm to the plaintiff and to the general
damages recovered."); *Pacific Mut. Life Ins. v. Haslip*, 499 U.S. 1, 22, 111 S. Ct. 1032, 1045
(1991) ("Punitive damages must not be "grossly out of proportion to the severity of the offense,"
instead they must "have some understandable relationship to compensatory damages.").

Given _____          Modified _____          Refused _____

Mentor's Proposed Punitive Damages Phase Instruction No. 9

Punitive Damages; Sympathies

You may not allow your decision regarding the amount of punitive damages to award to be affected by the fact that Mentor is a corporation, or by the fact that its principal offices are outside of the State.  The financial condition of Mentor may not justify an excessive punitive damages award.  In making your decision about punitive damages, you should not allow yourselves to be influenced by passion or prejudice.  It is your duty to consider the facts objectively, without favor, affection, or sympathy to any party.

Source:  Georgia Suggested Pattern Instruction No. 2.550 (modified), 66.773; *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 1525 (2003) ("The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award."); *Honda Motor C. v. Oberg*, 512 U.S. 415, 432, 114 S. Ct. 2331, 2341 (1996) "[T]he presentation of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big business particularly those without strong local presences."); *TXO Prod. Corp. v. Alliance Res.,* 509 U.S. 443, 464, 113 S. Ct. 2711, 2725 (1993) ("[T]he emphasis on the wealth of the wrongdoer increased the risk that the award may have been influenced by prejudice against large corporations, a risk that is of special concern whether the defendant is a nonresident."); *TXO,* 509 U.S. at 445 (Kennedy J., concurring) ("When a punitive damages award reflects bias, passion, or prejudice by the jury, rather than a rational concern for deterrence and retribution, the Constitution has been violated, no matter what the absolute or relative size of the award.").

Given _____              Modified _____         Refused _____

Mentor's Proposed Punitive Damages Phase Instruction No. 10

Punitive Damages; Conclusion

Any award of punitive damages you make should be both reasonable and just in light of your previous award of damages to the plaintiff, the conduct and circumstances of Mentor, and the purpose of punitive damages.

Source:  Georgia Suggested Pattern Instruction No. 66.780.

Given _____          Modified _____          Refused _____

Dated: May 14, 2010                    Respectfully submitted,

                                       s/ John Q. Lewis
                                       John Q. Lewis
                                       JONES DAY
                                       North Point
                                       901 Lakeside Avenue
                                       Cleveland, OH  44114-1190
                                       Telephone:   (216) 586-3939
                                       Facsimile:    (216) 579-0212
                                       jqlewis@jonesday.com

                                       Designated Lead Counsel for Defendant
                                       Mentor Worldwide LLC

**IN RE:  MENTOR CORP. OBTAPE TRANSOBTURATOR**
**SLING PRODUCTS LIABILITY LITIGATION**                    **MDL NO. 2004**

## CERTIFICATE OF SERVICE

A  copy  of  the  foregoing  filing  was  served  via  ECF  and  by  electronic  mail  on  the

following counsel this 14th day of May, 2010:


Henry Gilbert Garrard, III
hgg@bbgbalaw.com
Lead and Liaison Counsel for Plaintiffs



s/ John Q. Lewis
Attorney for Defendant
Mentor Worldwide LLC