# UNITED STATES JUDICIAL PANEL
## on
# MULTIDISTRICT LITIGATION

**IN RE: MENTOR CORP. OBTAPE TRANSOBTURATOR
SLING PRODUCTS LIABILITY LITIGATION**

| | | |
|---|---|---|
| Susan Giovanni v. Mentor Worldwide, LLC, et al., | ) | |
|      D. New Jersey, C.A. No. 1:12-04435 | ) | MDL No. 2004 |
| Debra A. Williams-Miller, et al. v. Mentor Worldwide, LLC, et al., | ) | |
|      D. New Jersey, C.A. No. 1:12-04449 | ) | |

## TRANSFER ORDER

**Before the Panel:**  Pursuant to Panel Rule 7.1, plaintiffs in these two actions move to vacate our order conditionally transferring the actions to the Middle District of Georgia for inclusion in MDL No. 2004. Defendants Mentor Worldwide, LLC, Ethicon, Inc., Ethicon Women's Health & Urology, Gynecare, and Johnson & Johnson oppose the motions.

In opposing transfer, plaintiffs argue that we should vacate the conditional transfer order because they have motions for remand to state court pending before the District of New Jersey court, and because their actions involve a unique issue of New Jersey law.  We find these arguments unpersuasive.  First, as we have frequently held, the pendency of a remand motion generally is not a sufficient reason to delay transfer.  Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so. Second, it is hardly unusual for a transferee court located in one state to be called upon to apply the laws of another state.  *See In re: Glaceau VitaminWater Mktg. & Sales Practices Litig.*, 764 F. Supp. 2d 1349, 1351 (J.P.M.L. 2011) ("Transferee judges routinely apply the laws of one or more jurisdictions.").

After considering all argument of counsel, we find that these two actions involve common questions of fact with actions in this litigation previously transferred to MDL No. 2004, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for reasons set out in our original order directing centralization.  In that order, we held that the Middle District of Georgia was an appropriate Section 1407 forum for actions "shar[ing] factual issues as to whether Mentor's 'ObTape' brand transobturator sling, a device used to treat female stress urinary incontinence, was defectively designed and/or manufactured, and whether Mentor failed to provide adequate warnings concerning the device." *See In re: Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, 588 F. Supp. 2d 1374, 1374 (J.P.M.L. 2008).  Like plaintiffs in actions previously transferred to the MDL,

- 2 -

plaintiffs in these actions allege that they suffered personal injuries resulting from implantation of the ObTape sling.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Middle District of Georgia, and, with the consent of that court, assigned to the Honorable Clay D. Land for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Kathryn H. Vratil                    W. Royal Furgeson, Jr.
Barbara S. Jones                     Paul J. Barbadoro
Marjorie O. Rendell                  Charles R. Breyer