IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | § | MDL Case No. 2004 |
| TRANSOBTURATOR SLING | § | |
| PRODUCTS LIABILITY | § | Individual Case No. 4:11-cv-5075 |
| LITIGATION | § | (Riley, Sharon and Leland) |
| | § | |

## PLAINTIFFS' REQUESTS TO CHARGE

COMES NOW Plaintiffs, and before the Court has submitted its instructions to the jury, make these Requests to Charge, such Requests being made both severally and as a whole.

Plaintiffs show that they are principles of law applicable to the evidence introduced into this case.

This 18th day of April, 2013.

Respectfully submitted,

LAMINACK, PIRTLE & MARTINES

/S/  Richard N. Laminack
Texas Bar No. 11850350
5020 Montrose Blvd., 9th Floor
Houston, Texas   77006
(713) 292-2750
(713) 292-2755 fax
rickl@LPM-triallaw.com

ATTORNEYS FOR PLAINTFF

1

**PLAINTIFF'S REQUEST TO CHARGE NO. 1**

<u>CONSIDERATION OF THE EVIDENCE</u>

In deciding the case you must follow and apply all of the law as I explained it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the

trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

GRANTED          _____

DENIED           _____

---

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2005), 2.2.

**PLAINTIFF'S REQUEST TO CHARGE NO. 2**

<u>CREDIBILITY OF WITNESSES</u>

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

GRANTED                    _____

DENIED                       _____

_____

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2005), 3.

**PLAINTIFF'S REQUEST TO CHARGE NO. 3**

<u>IMPEACHMENT OF WITNESSES</u>
<u>INCONSISTENT STATEMENT</u>

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

GRANTED          _____

DENIED            _____

_____

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2005), 4.1.

**PLAINTIFF'S REQUEST TO CHARGE NO. 4**

<u>EXPERT WITNESSES</u>

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

When  a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

GRANTED          _____

DENIED            _____

---

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2005), 5.2.

**PLAINTIFF'S REQUEST TO CHARGE NO. 5**

<u>DEPOSITION TESTIMONY</u>

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath or on a video recording play on a television set.  Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighted, and otherwise considered by the jury, insofar as possible, in the same way as if the witness had been present, and had testified from the witness stand.

GRANTED     _____

DENIED     _____

---

Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u>, §73.02. (4th ed. 1987).

## PLAINTIFF'S REQUEST TO CHARGE NO. 6

<u>BURDEN OF PROOF</u>

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

GRANTED        _____

DENIED        _____

---

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2005), 6.2

**PLAINTIFF'S REQUEST TO CHARGE NO. 7**

**Proximate Cause**

The term "proximate cause" means that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury complained of, and without which the result would not have occurred.

A party's conduct will be considered a proximate cause of injury, even where the evidence indicates that some third party or outside agency may have contributed to cause the injury. Where an injury might reasonable be foreseen to occur from the conduct of another, notwithstanding intervention of an independent party, the independent party's conduct constitutes no defense and the one guilty of the original act is liable for the injury or loss sustained.

Where the separate and independent facts of two or more parties are the direct causes of a single injury, and it is not possible to determine in what proportion each contributed, any or all may be held responsible for the injury.

GRANTED         _____

DENIED          _____

_____

*Indiana Pattern Jury Instructions,* Nos. 5.06, 5.41 (Mod.

*E.Z. Gas, Inc. v. Hydrocarbon Transp., Inc.* (Ind.App.1984) 471 N.E.2d 316, 321.

*Dunn v. Cadiente* (Ind. 1987) 516 N.E.2d 52, 56

*Restatement* (Second) *of Torts* Section 433(B) (1965).

*Jackson v. Warrum* (Ind.App.1989) 535 N.E.2d 1207, 1220.

## PLAINTIFF'S REQUEST TO CHARGE NO. 8

For a manufacturer to be held liable, it's negligence or violation of the Indiana Product Liability Act does not have to be the sole proximate cause of an injury, it is only necessary that it's conduct, in combination with one or more efficient causes, is a proximate cause of the injury. If the harm is brought about by the substantially simultaneous and active operation of the effects of one wrongdoer's negligent conduct and of an act of a third person or other wrongdoer which is also a cause of the harm of the one injured, the conduct of each is viewed by the law to be a cause of the harm and both the wrongdoer and third person or other wrongdoer are liable.

In order for an intervening act to cut the chain of liability stemming from an original negligent act, the new act must be of a nature to interrupt the natural sequence of events, turning aside their course, preventing the natural and probable result of the original act or omission, and producing a result that could not have been reasonably anticipated.

If the harm resulting from another's acts could be reasonably foreseen by the originally negligent actor, then the chain of causation from the original negligent act remains intact.

A harm that is a foreseeable consequence of both the original negligence and later negligent conduct of others is said to have concurrent causes.

GRANTED _____

DENIED _____

*Northern Indiana Transit v. Burk* (1950), 228 Ind. 162, 89 N.E.2d 905, 911, *quoting from* the Restatement (Second) of Torts, §439, p. 1184; 21I.L.E., *Negligence*, §66, p.328.

*Yater v.Keil* (1976), 170 Ind.App. 135, 352 N.E.2d 920, 923-924; *see also, Crull v. Platt* (1984), Ind.App.471 N.E.2d 1211, 1215, *transfer denied.*

*Hooks Super X, Inc. v. McLaughlin* (1994), Ind., 642 N.E.2d 514, 520; *Elder v. Fisher* (1966), 247 Ind. 598, 217 N.E.2d 847, 852, *rehearing denied.*

*See,* 57A Am.Jur.2d, *Negligence,* §627, p. 592.

**PLAINTIFF'S REQUEST TO CHARGE NO. 9**

<u>NEGLIGENCE – DEFINITION OF ORDINARY NEGLIGENCE</u>

Ordinary negligence means the absence of or the failure to use that degree of care which is used by ordinarily careful persons under the same or similar circumstances.  Before a plaintiff can recover damages from a defendant in a case involving a claim of negligence, there must be injury to the plaintiff resulting from the defendant's negligence.

GRANTED   _____

DENIED      _____

_____

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 60.010 [Revised last sentence due to claims in addition to negligence claim being asserted.]

**PLAINTIFF'S REQUEST TO CHARGE NO. 10**

<u>STRICT LIABILITY IN TORT;</u>
<u>GENERAL EXPLANATION AND BURDEN OF PROOF</u>

Plaintiffs contend that defendant Mentor Corporation is liable because of a defective product manufactured by the defendant.

The manufacturer of a product that is sold as new property may be liable or responsible to any person who is injured because of a defect in the product that existed at the time the manufacturer sold the product. However, a manufacturer of a product is not an insurer, and the fact that a product may cause injury does not necessarily make the manufacturer liable. To recover damages under this rule, a person injured by an allegedly defective product must establish the following three elements by a preponderance of the evidence:

   (a)      the product was defective;

   (b)      the defect existed at the time the product left the manufacturer's control; and

   (c)      the defect in the product was the proximate cause of the plaintiff's injury.

The types of product defects alleged by the plaintiffs are a manufacturing defect, a design defect, and/or a defect because of an inadequate warning. There is not a single general way to define what constitutes a defect in a product. Whether or not a product is defective is a question of fact to be determined by you, the jury, in each case, based on the instruction that I will give you.

GRANTED      _____

DENIED      _____

---

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 62.610;
O.C.G.A. §51-1-11;
<u>Center Chemical v. Parzini</u>, 234 Ga. 868 (1975);
<u>Banks v. ICI Americas, Inc.</u>, 264 Ga 732 (1994);
<u>S K Hand Tool Corp. v. Lowman</u>, 223 Ga.App 712 (1996).

## PLAINTIFF'S REQUEST TO CHARGE NO. 11

### STRICT LIABILITY: MANUFACTURING DEFECT; GENERALLY

A manufacturer has a duty to exercise reasonable care in manufacturing a product that is reasonably safe for its intended use or foreseeable uses.  A manufacturing defect is an unintended flaw or abnormal condition that occurs during the production of the product that makes the product more dangerous than it would have been had the product been manufactured properly.  Such a defect may occur because of the use of shoddy materials, poor manufacturing methods, or other such actions or omissions by the manufacturer.  A manufacturing defect may be indicated by comparing the questioned product to properly manufactured items in the same product line.

To conclude that a manufacturing defect exists in a product and that the plaintiffs are entitled to recover, you must find by a preponderance of the evidence that

(a)     the product was defective,

(b)     the defect existed at the time the product left the manufacturer's control; and

(c)     the defect in the product was the proximate cause of the plaintiffs' injury.

GRANTED     _____

DENIED     _____

_____

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 62.620;
O.C.G.A. §51-1-11;
Chrysler Corp. v. Batter, 264 Ga. 723 (1994);
Banks v. ICI Americas, Inc., 264 Ga. 732 (1994);
Maleski, Georgia Products Liability, 2d ed., (1993 and 1997 supp.)

**PLAINTIFF'S REQUEST TO CHARGE NO. 12**

<u>STRICT LIABILITY; MANUFACTURING DEFECT; DEVIATION FROM DESIGN</u>

A manufacturer has a duty to exercise reasonable care in manufacturing a product that is reasonably safe for its intended use or foreseeable uses.  A manufacturing defect is an unintended flaw or abnormal condition that occurs during the production of the product that makes the product other than it would have been had the product been manufactured as specified.  A manufacturing defect may be indicated by comparing the questioned product to properly manufactured items in the same product line.

To conclude that a manufacturing defect exists in a product and that the plaintiffs are entitled to recover, you must find by a preponderance of the evidence that

(a)     the product deviated from the manufacturer's intended design or production specifications;

(b)     that deviation existed at the time the product left the manufacturer's control; and

(c)     the deviation was the proximate cause of the plaintiff's injury.

GRANTED     _____

DENIED        _____

---

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 62.630;
O.C.G.A. §51-1-11;
<u>Chrysler Corp. v. Batten</u>, 264 Ga. 723 (1994);
<u>Banks v. ICI Americas, Inc.</u>, 264 GA. 732 (1994)

**PLAINTIFF'S REQUEST TO CHARGE NO. 13**

<u>STRICT LIABILITY: DESIGN DEFECT</u>

A product may be found to be defective because of a particular design. Although a manufacturer is not required to ensure that a product design is incapable of producing injury, the manufacturer has a duty to exercise reasonable care in choosing the design for a product.

GRANTED   _____

DENIED   _____

_____

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 62.640;
O.C.G.A. §51-1-11;
<u>Hunt v. Harley-Davidson Motor Co., Inc.</u> 147 Ga.App. 44 (1978);
<u>Banks v. ICI Americas, Inc.</u>, 264 GA. 732 (1994)

**PLAINTIFF'S REQUEST TO CHARGE NO. 14**

STRICT LIABILITY: DESIGN DEFECT;
RISK-UTILITY TEST AND FACTORS

To determine whether a product suffers from a design defect, you must balance the inherent risk of harm in a product design against the utility or benefits of that product design. You must decide whether the manufacturer acted reasonably in choosing a particular product design by considering all relevant evidence, including the following factors:

(a)      the usefulness of the product;

(b)      the severity of the danger posed by the design;

(c)      the likelihood of that danger;

(d)      the avoidability of the danger, considering the user's knowledge of the product, publicity surrounding the danger, the effectiveness of warnings, and common knowledge or the expectation of danger;

(e)      the user's ability to avoid the danger;

(f)      the technology available when the product was manufactured;

(g)      the ability to eliminate the danger without impairing the product's usefulness or making it too expensive;

(h)      the feasibility of spreading any increased cost through the product's price or by purchasing insurance;

(i)      the appearance and aesthetic attractiveness of the product;

(j)      the product's utility for multiple uses;

(k)      the convenience and durability of the product; and

(l)      alternative designs for the product available to the manufacturer.

If you decide that the risk of harm in the product's design outweighs the utility of that

particular design, then the manufacturer exposed the consumer to greater risk of danger than the manufacturer should have in using that product design, and the product is defective.  If after balancing the risks and utility of the product, you find by a preponderance of the evidence that the product suffered from a design defect, then the plaintiff is entitled to recover.

GRANTED   _____

DENIED   _____

---

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 62.650 [subparagraph (m) deleted based on Court's earlier ruling];
Banks v. ICI Americas, Inc., 264 GA. 732 (1994)

**PLAINTIFF'S REQUEST TO CHARGE NO. 15**

<u>STRICT LIABILITY: DESIGN DEFECT;</u>
<u>ALTERNATIVE DESIGN EVIDENCE</u>

In determining whether a product was defective, you may consider evidence of alternative designs that would have made the product safer and could have prevented or minimized the plaintiff's injury.  In determining the reasonableness of the manufacturer's choice of product design, you should consider:

(a)     the availability of an alternative design at the time the manufacturer designed this product;

(b)     the level of safety from an alternative design compared to the actual design;

(c)     the feasibility of an alternative design, considering the market and technology at the time the product was designed;

(d)     the economic feasibility of an alternative design;

(e)     the effect an alternative design would have on the product's appearance and utility for multiple purpose; and

(f)     any adverse effects on the manufacturer or the product from using an alternative design.

GRANTED     _____

DENIED         _____

---

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 62.660;
<u>Banks v. ICI Americas, Inc.</u>, 264 GA. 732 (1994);
<u>Wilson Foods Corporation v. Turner</u>, 218 Ga.App. 74 (1995).

## PLAINTIFF'S REQUEST TO CHARGE NO. 16

### CONTINUING DUTY TO WARN

A manufacturer's duty to warn arises when the manufacturer knows or reasonably should know of the danger presented by the use of a product. Therefore, a manufacturer has a continuing duty to adequately warn the public of defects in a product even after that product has left the control of the manufacturer to be sold or distributed to the consumer.

GRANTED    _____

DENIED     _____

---

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 62.683;
Chrysler Corp. v. Batten, 264 GA. 723 (1994).

**PLAINTIFF'S REQUEST TO CHARGE NO. 17**

<u>FDA's § 510k PROCESS</u>

The FDA's "substantially equivalent" determination under its § 510k process is not a process focused on product safety, but is a process focused on whether a proposed product under that process is substantially equivalent to another § 510k process product already cleared for sale.

GRANTED        _____

DENIED        _____

_____

<u>Medtronic, Inc. v. Lohr</u>, 518 U.S. 470 (1996)

## PLAINTIFF'S REQUEST TO CHARGE NO. 18

### DAMAGES:  PRELIMINARY INSTRUCTIONS

Damages are given as pay or compensation for injury done.

Where one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the plaintiff is entitled to recover, you should award to the plaintiff such sums you believe are reasonable and just in this case.

GRANTED          _____

DENIED            _____

_____

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.000;
O.C.G.A. § 51-12-4;
O.C.G.A. § 51-12-9.

**PLAINTIFF'S REQUEST TO CHARGE NO. 19**

<u>TORT DAMAGES; EXPENSES; GENERALLY; MEDICAL EXPENSES</u>

In all cases, necessary expenses resulting from the injury are a legitimate item of damages.

As to medical expenses, such as hospital, doctor and medicine bills, the amount of the damage would be the reasonable value of such expense as was reasonably necessary.

GRANTED        _____

DENIED          _____

_____

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.040;
O.C.G.A. § 51-12-7.

## PLAINTIFF'S REQUEST TO CHARGE NO. 20

### TORT DAMAGES; PAIN AND SUFFERING; GENERALLY


Pain and suffering is a legal item of damages.  The measure is the enlightened conscience of fair and impartial jurors.  Questions of whether, how much, and how long the plaintiff has suffered or will suffer are for you to decide.

GRANTED        _____

DENIED         _____

_____

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.501;
Western, etc. Railroad Co. v. Young, 83 Ga. 512, 515 (1889);
Redd v. Peters, 100 Ga.App. 316 (1959).

**PLAINTIFF'S REQUEST TO CHARGE NO. 21**

<u>TORT DAMAGES – PAIN AND SUFFERING; GENERALLY</u>

I charge you that if you find in favor of a plaintiff, you may consider the pain and suffering which that plaintiff has endured as a result of the negligence of the defendant, if any.  If you find that she suffered pain, either mental or physical, or both mental and physical, up to the present time, you may make an allowance therefore up to the present time.  If you find that her injuries are such as will probably cause future pain and suffering, either mental and physical, or both mental and physical, you would also be authorized to allow compensation for such mental and physical pain and suffering.

Now in connection with the subject of pain and suffering, I charge you that the impairment of bodily or physical faculties, if any, and the loss of one's ability to work and labor may cause physical or mental suffering whether there is a direct pecuniary loss or not.  I charge you that every person is entitled to retain and enjoy each and every power of body and mind with which he has been endowed, and no one, without being answerable in damages, can wrongfully deprive another by a physical injury of such power or faculty or materially impair the same.

Deprivation or impairment of such can be classed with pain and suffering and the diminished capacity of one to work and labor is an element of pain and suffering.  Such pain and suffering may follow from a consciousness of the existence of permanently impaired capacity to work and labor.  If one be handicapped by physical injuries from performing the tasks incident to his station in life, or if the character of the injuries be such as to cause one mental anxiety, or dread of physical suffering, reasonably certain to continue in the future, you may consider such elements in assessing damages for pain and suffering.  Such loss or impairment of any power or faculty is a metter for compensation and may be considered by you in determining damages for pain and suffering, if any.

24

In arriving at the damages to be awarded for pain and suffering, you should act impartially and in accordance with your conscience. The amount should be reasonable and just as to all parties and should compensate the plaintiff for the injuries sustained. The only guide for you in determining compensation for mental and physical pain and suffering is the enlightened conscience of impartial jurors acting under the sanctity of your oath to compensate the plaintiff with fairness to the defendant.

As can be seen, there is no mathematical formula for determining damages for pain and suffering. The legal guide is the enlightened conscience of the jury. However, counsel are permitted, in arguing their case, to present any reasonable theory to you for your consideration in determining such an amount.

GRANTED  _____

DENIED  _____

---

The Atlanta Street Railroad Company v. Jacobs, 88 Ga. 647, 651-653, 15 S.E. 825 (1891);
City Council of Augusta v. Drawdy, 75 Ga.App. 543, 547, 43 S.E. 2d 569 (1947);
Florida Central and Peninsula Railroad Company v. Burney, 98 Ga. 1, 6-8, 26 S.E. 730 (1895).

**PLAINTIFF'S REQUEST TO CHARGE NO. 22**

<u>TORT DAMAGES: PAIN AND SUFFERING: MENTAL</u>

Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also.

Anxiety, shock, and worry are examples of what might be included under mental pain and suffering, and loss of capacity to work or labor, separately from earnings, may be considered as an item causing mental suffering.

GRANTED        _____

DENIED          _____

---

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.502 [2nd paragraph as to willful or wanton act omitted];
<u>OB-GYN Associates of Albany v. Littleton</u>, 259 Ga. 663 (1989);
<u>Southern Railway Co. v. Jackson</u>, 146 Ga. 243 (1916);
<u>Chapman v. Western Union Telegraph Co.</u>, 88 Ga. 763 (1892);
<u>Natonwide Mutual Fire v. Lam</u>, 248 Ga.App. 134 (2001);
<u>Lee v. State Farm Mutual</u>, 272 Ga. 583 (2000);
<u>American Security Co. v. Cook</u>, 49 Ga. 723 (1934);
<u>Stephens v. Waits</u>, 53 Ga.App. 44 (1936);
<u>Williams v. Vinson</u>, 104 Ga.App. 886, 893 (1961);
<u>Langren v. Hodges</u>, 60 Ga.App. 567 (1939);
<u>Atlanta Coastline Railroad Co. v. Ouzts</u>, 82 Ga.App. 36, 62 (1950).

**PLAINTIFF'S REQUEST TO CHARGE NO. 23**

<u>TORT DAMAGES: PAIN AND SUFFERING; FUTURE</u>

If you find that the plaintiff's pain and suffering will continue into the future, you should award damages for such future pain and suffering as you believe the plaintiff will endure.  In making such award, your standard should be your enlightened conscience as impartial jurors. You would be entitled to take into consideration the fact that the plaintiff is receiving a present cash award for damages not yet suffered.

GRANTED       _____

DENIED       _____

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.503;
<u>Southern Railway Co., v. Bottoms</u>, 35 Ga.App. 804 (1926);
<u>Brock v. Cato</u>, 75 Ga.App. 79, 82 (1947);
<u>Williams v. Vinson</u>, 104 Ga.App. 886, 893 (1961);
<u>Shore v. Ferguson</u>, 142 Ga. 657 (1914);
<u>Everett v. Holmes</u>, 126 Ga.App. 208 (1972).

**PLAINTIFF'S REQUEST TO CHARGE NO. 24**

<u>TORT DAMAGES – PROOF OF PERMANENT INJURY</u>

I charge you that with respect to the permanency of any plaintiff's injury, a permanent injury may be proved either by the opinions of physicians or by proof of facts from which you would be authorized to infer that the injury was permanent.

GRANTED      _____

DENIED      _____

_____

<u>Southern Railway Co. v. Clariday</u>, 124 Ga. 958, 959, 53 S.E. 461 (1905).

28

**PLAINTIFF'S REQUEST TO CHARGE NO. 25**

<u>TORT DAMAGES: EARNINGS, PAST; LOSS OF</u>

Loss of earnings from the time of the alleged injury to the time of trial is a legal item of damages, and (the amount that may be recovered) (its measure) is the value of the earning that the evidence shows with reasonable certainty the plaintiff has lost as a result of the injury.  You may consider what the plaintiff was making at the time of the injury, what was made since the injury, the amount customarily paid in the locality for the kind of work the plaintiff does, and similar matters.  There must be some evidence before you as to the plaintiff's loss.

GRANTED          _____

DENIED           _____

---

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.100;
<u>Atlantic Coastline Railroad Co. v. McDonald</u>, 103 Ga.App. 328 (1961);
<u>Nashville, etc. Railway Co. v.</u> Miller, 120 Ga. 453 (1904);
<u>Western, etc. Railroad Co. v. Sellers</u>, 15 Ga.App. 369 (1914);
<u>Camilla Cotton Oil, et. Co. v. Walker</u>, 21 Ga.App 603 (1918);
O.C.G.A. 51-12-4.

**PLAINTIFF'S REQUEST TO CHARGE NO. 26**

<u>TORT DAMAGES; EARNINGS: LOSS OF FUTURE EARNINGS</u>

If you find that the plaintiff's earnings will be permanently (reduced)(destroyed), lost

future earnings – just like lost past earnings – are to be determined on the basis of the earnings

that the plaintiff will lose, and there must be some evidence before you as to the amount of such

earnings.

In considering the evidence, you should take into consideration that old age generally

reduces the capacity to labor and earn money.

You may also take into consideration the proposition that the ability of the plaintiff to

earn money could have increased during some later periods of the plaintiff's life, if it is

authorized by the evidence.

GRANTED        _____

DENIED         _____

_____

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.201;
<u>Florida, etc. R.R. Co. v. Burney</u>, 98 Ga. 1 (1894);
<u>A-1 Bonding Services, Inc. v. Hunter</u>, 125 Ga.App. 173, 180 (1971);
<u>Standard Oil Co. v. Reagan</u>, 15 Ga.App. 571, 595 (1915).

**PLAINTIFF'S REQUEST TO CHARGE NO. 27**

<u>TORT DAMAGES: EARNINGS; LIFE EXPECTANCY</u>

You would also consider the life expectancy of the plaintiff.

GRANTED             _____

DENIED              _____

_____

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.202;
<u>Williams v. Vinson</u>, 104 Ga.App. 886, 893 (1961).

**PLAINTIFF'S REQUEST TO CHARGE NO. 28**

<u>TORT DAMAGES: EARNINGS: AVERAGE ANNUAL EARNINGS</u>

By taking into consideration the factors as to earning capacity and life expectancy and applying them to this plaintiff's life, you should determine what the average annual loss of future earnings probably would have been.

GRANTED        _____

DENIED          _____

_____

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.203

**PLAINTIFF'S REQUEST TO CHARGE NO. 29**

TORT DAMAGES; EARNINGS; PRESENT CASH VALUE

After you have determined the loss of future earnings, you may reduce the plaintiff's gross loss of future earnings to its present cash value.  You would to so by using a rate of interest of 5 percent per annum as a reduction factor.

GRANTED          _____

DENIED          _____

_____

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.204;
O.C.G.A. §51-12-13;
Miller v. Tuten, 137 Ga.App. 188 (1976).

**PLAINTIFF'S REQUEST TO CHARGE NO. 30**

<u>TORT DAMAGES: CONSORTIUM</u>

A married person has a right to recover for the loss of consortium, sometimes call loss of services, of the spouse.  You should be careful to remember that services the law refers to are not only household labor but also society, companionship, affection, and all matters of value arising from the marriage.  There does not have to be any direct evidence of their value, but the measure of damages is their reasonable value, as determined by the enlightened conscience of impartial jurors taking into consideration the nature of the services and all the circumstances of the case.

GRANTED        _____

DENIED         _____

_____

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.400;
<u>Brown v. Georgia-Tennessee Coaches, Inc</u>. 88 Ga.App. 519 (1953);
<u>Nunnally v. Shockley</u>, 97 Ga.App. 300 (1958);
<u>Hobbs v. Holliman</u>, 74 Ga.App. 735, 739 (1947);
<u>Shepherd Costruction Co., Inc., v. Vaughn</u>, 88 Ga.App. 285 (1953).

**PLAINTIFF'S REQUEST TO CHARGE NO. 31**

<u>TORT DAMAGES: CONSORTIUM: PERMANENT LOSS, PRESENT
CASH VALUE OF; JOINT LIFE EXPECTANCY IS MEASURE OF DAMAGES</u>

When permanent loss of consortium occurs, you would determine the damages on the basis of the joint life expectancy of the husband and wife, that is, by how long they would both have lived together if the injury of the spouse had not occurred.  That joint lifetime loss would have to be reduced to its present cash value.

GRANTED        _____

DENIED         _____

_____

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.401;
<u>Atlantic Coast Line R.R. Co. v. McDonald</u>, 50 Ga.App. 856(5) (1935);
<u>Beavers v. Davis</u>, 110 Ga.App. 248(2) (1964);
<u>Cody v. Peak</u>, 113 Ga.App. 676(2)(1966);
<u>Central Truckaway, etc., Co. v. Harrigan</u>, 79 Ga.App. 117(4) (1949).

**PLAINTIFF'S REQUEST TO CHARGE NO. 32**

<u>PUNITIVE LIABILITY (PHASE 1)</u>

In tort actions, there may be aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages.

Before you may award punitive damages, you must find that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences. Defendant's liability for punitive damages must be proven by a higher standard than that for proof of other damages; that is, by clear and convincing evidence.

GRANTED     _____

DENIED     _____

_____

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.401;
O.C.G.A. § 51-12-5.1(a);
O.C.G.A. § 51-12-5.1(b).

**PLAINTIFF'S REQUEST TO CHARGE NO. 33**

<u>PUNITIVE DAMAGES: CLEAR AND CONVINCING  (DEFINED)(PHASE I)</u>

Clear and convincing evidence is defined as evidence that will cause the jury to firmly believe each essential element of the claim to a high degree of probability.  Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence but less than beyond a reasonable doubt.

GRANTED        _____

DENIED         _____

_____

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 02.040

## PLAINTIFF'S REQUEST TO CHARGE NO. 34

### PUNITIVE LIABILITY (PHASE 1)

If it is not proven by clear and convincing evidence, that the defendant was guilty of willful misconduct, malice, fraud, wantonness, oppression, or entire want of care that would raise the presumption of conscious indifference to consequences, then you would not be authorized to award punitive damages.

Mere negligence, although amounting to gross negligence, will not alone authorize an award (imposition) of punitive damages.

Punitive damages, when authorized, are awarded (imposed) not as compensation but solely to punish, penalize, or deter a defendant. In your verdict, you should specify whether you do or do not to decide to impose punitive damages.

GRANTED        _____

DENIED        _____

---

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.702 [modified];
Alliance Transp. Inc. v. Mayer, 165 Ga.App. 344,345 (1983).

**PLAINTIFF'S REQUEST TO CHARGE NO. 35**


<u>PUNITIVE DAMAGES: MEASURE (PHASE 1)</u>


The measure of such damages is your enlightened conscience as an impartial jury.


GRANTED          _____

DENIED          _____

---

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.741;
O.C.G.A. § 51-12-5.1.

**PLAINTIFF'S REQUEST TO CHARGE NO. 36**

<u>PUNITIVE DAMAGES: AMOUNT: GENERALLY (PHASE II)</u>

You have decided to award punitive damages.  Next you must determine the appropriate amount of punitive damages.  In doing so, you should consider all the evidence in and my instruction from the first phase of the trial, plus any evidence admitted in the most recent phase of the trial.  You should also bear in mind that the plaintiff's injuries have been made whole by your award of compensatory damages.  The sole purpose of punitive damages is to punish, penalize, or deter the defendant and the amount you award should reflect that purpose only.

GRANTED        _____

DENIED         _____

_____

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.740 [modified].

**PLAINTIFF'S REQUEST TO CHARGE NO. 37**

<u>PUNITIVE DAMAGES: AMOUNT; GUIDELINES (PHASE II)</u>

In considering the amount of punitive damages, you may consider the following factors:

(a)     the nature and reprehensibility of the defendant's conduct;

(b)     the extent and duration of the defendant's wrongdoing and the likelihood of its recurrence;

(c)     the intent of the defendant in committing the wrong;

(d)     the profitability of the defendant's wrongdoing;

(e)     the amount of actual damages awarded; and

(f)     the financial circumstances, that is, the financial condition and/or the net worth of the defendant.

GRANTED         _____

DENIED          _____

---

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.750 [omitting subparagraphs (f), (g) and (i) as inapplicable].
<u>Hospital Authority of Gwinnett County, et al. v. Jones</u>, 259 Ga. 759, 386 S.E.2d 120, 124 n.13 (1989), vacated, 499 U.S. 914, 111 S.Ct. 1298 (1991), <u>aff'd and reinstated on remand</u>, 261 Ga. 713, 409 S.E. 2d 501 (1992);
<u>BMW of North America, Inc. v. Gore</u>, 116 S.Ct. 1589 (1996);
O.C.G.A. § 51-12-5.1.

**PLAINTIFF'S REQUEST TO CHARGE NO. 38**

<u>PUNITIVE DAMAGES: AMOUNT; REPREHENSIBILITY (PHASE II)</u>

In making your award, you should consider the degree o reprehensibility of the defendant's wrongdoing.  You should consider all the evidence, both aggravating and mitigating, to decide how much punishment the defendant's conduct deserves.  In assessing reprehensibility, you may consider whether

(a)     the harm caused was physical, as opposed to economic;

(b)     the conduct showed an indifference to or a reckless disregard of the health or safety of others; and

(c)     the conduct involved repeated actions or wan an isolated incident.

GRANTED          _____

DENIED            _____

_____

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.760 [omitting subparagraphs (c) and (e) as inapplicable.]

**PLAINTIFF'S REQUEST TO CHARGE NO. 39**

<u>PUNITIVE DAMAGES: EXTRATERRITORIALITY (PHASE II)</u>

You may have heard evidence of conduct and procedures of the defendant in other states that you may properly consider on the issue of intent and reprehensibility.  You may not, however, consider for the issue of punitive damages any conduct that was lawful where and when it occurred, nor conduct in other states even though unlawful which had no impact on the plaintiffs, unless such conduct in the other state was related to the specific harm suffered by the plaintiffs in this case.  Although you may consider the harm caused to others in determining the reprehensibility of the defendant's conduct, you may not use punitive damages to punish the defendant directly on account of harms defendant is alleged to have caused to persons who are not parties to this case.

GRANTED  _____

DENIED  _____

_____

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.771 [modified; also last sentence added based on <u>Gore</u>];
<u>BMW v. Gore,</u> 517 U.S. 559 (1996);
<u>Philip Morris USA v. Williams</u>, 127 S.Ct. 1057, 1063-1064 (2007).

**PLAINTIFF'S REQUEST TO CHARGE NO. 40**

<u>PUNITIVE DAMAGES: CONCLUSION (PHASE II)</u>

Any award you make should be both reasonable and just in light of your previous award of damages, the conduct and circumstances of the defendant, and the purpose of punitive damages.

GRANTED       _____

DENIED        _____

---

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.780.

**PLAINTIFF'S REQUEST TO CHARGE NO. 41**

<u>DUTY TO DELIBERATE</u>
<u>WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES</u>

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that a Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest belief solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

GRANTED      _____

DENIED      _____

---

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2005), 7.1.

45

**PLAINTIFF'S REQUEST TO CHARGE NO. 42**

ELECTION OF FOREPERSON – EXPLANATION OF VERDICT FORM(S)

When you go to the jury room you should first select on of your members to act as your foreperson.  The foreperson will preside over your deliberation and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to  the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

GRANTED   _____

DENIED    _____

_____

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2005), 8.

46

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that a copy of the foregoing was served via ECF and by electronic mail on all counsel of record on this  18th  day of April, 2013.


        <u>/s/  Richard N. Laminack</u>