```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | Case Nos. |
| LIABILITY LITIGATION | * | 4:11-cv-5065 (I. Morey) |
| | | 4:11-cv-5075 (S. Riley) |
| | * | |

O R D E R

Plaintiffs filed a motion to vacate the Court's Order dated October 24, 2012, ECF No. 521 in 4:08-md-2004. That Order simply adopted the stipulation of the parties regarding expert disclosure deadlines. In addition to extending the deadlines, the Court adopted the parties' stipulation that certain previously designated expert witnesses were being "withdrawn." *Id.* ¶ 3. Significantly, the following language was also included in the Order:

> The Court accepts Plaintiffs' stipulation that they will not read deposition testimony of the witnesses set forth in Paragraph 3 at trial as if they were appearing as witnesses. Plaintiffs reserve their right to use those witnesses' testimony as otherwise permitted by Federal Rule of Civil Procedure 32 or the Federal Rules of Evidence and Defendant reserves all rights with respect to same.

*Id.* ¶ 4.

One of the withdrawn experts is Dr. Catherine Ortuno, who was previously deposed in this multi-district litigation ("MDL") and has provided both opinion testimony as an expert witness and

factual testimony based on her personal knowledge of the product in question. Plaintiffs acknowledge that they have withdrawn Dr. Ortuno as a testifying expert, but they now seek to read into evidence her *factual* deposition testimony. Defendant objects based on the stipulation of the parties and the Court's October 24 Order accepting that stipulation. Plaintiffs' counsel recognizes that the previous stipulation and Order prevent the reading of Dr. Ortuno's deposition testimony as if she were testifying live at trial. Consequently, Plaintiffs seek to have that stipulation and Order vacated based on mistake and/or excusable neglect. Pls.' Mot. to Vacate, ECF No. 601 in 4:08-md-2004.

The stipulation is clear: Plaintiffs' counsel agreed that Plaintiffs "will not read deposition testimony of [Dr. Ortuno] at trial as if [she] were appearing as [a witness]." Oct. 24, 2012 Order ¶ 4. Instead, counsel apparently decided that he would admit her testimony through some method other than the reading of her deposition as if she were appearing as a witness at trial. Therefore, counsel "reserve[d] [the] right to use [her] testimony as otherwise permitted by Federal Rule of Civil Procedure 32 or the Federal Rules of Evidence." *Id.*

The Court finds that counsel for Plaintiffs knew exactly what he was agreeing to when he entered into the stipulation with Defendant's counsel. He agreed that he would not read Dr.

2

Ortuno's deposition at trial as if she were appearing as a witness. He reserved the right to try to have her testimony considered by a jury through some other means, presumably by having one of Plaintiffs' other experts testify that he relied on Dr. Ortuno's factual testimony when arriving at his own opinions, that an expert in his field would reasonably rely on such facts in forming an opinion on the subject, and that the probative value of Dr. Ortuno's factual testimony in helping the jury evaluate his expert opinion substantially outweighs the prejudicial effect of Dr. Ortuno's otherwise inadmissible factual testimony. *See* Fed. R. Evid. 703.

After developing misgivings about this strategy for having Dr. Ortuno's factual testimony considered by a jury in this manner, counsel for Plaintiffs asked the Court at the pretrial conference to relieve them from their previous stipulation. They now have determined that their decision to enter into the stipulation was a mistake. While it appears in hindsight that their decision was certainly a mistake, any suggestion that they did not know what they were stipulating to at the time they made the stipulation is specious. The issue for the Court is whether Plaintiffs nevertheless should be relieved from their counsel's ill-advised stipulation.

The Court finds that for purposes of these two cases, which the parties and the Court have chosen as "bellwether cases" in

3

this MDL, Plaintiffs shall be permitted to read factual testimony from the previously taken deposition of Dr. Catherine Ortuno as if she were testifying live at trial. Dr. Ortuno's testimony is relevant to the central issues in this litigation. Defendant's counsel is well aware of that testimony and has previously deposed her exhaustively about the subject. Although Dr. Ortuno was not an employee of this Defendant, she was employed by the company that previously sold and marketed the product that is the subject of this litigation. And her testimony is based upon her personal knowledge of the manufacture, marketing and safety of this product. Furthermore, when Defendant's counsel previously deposed Dr. Ortuno in this MDL proceeding, he certainly would have expected that her deposition would likely be used in future cases transferred to this MDL, particularly given that Dr. Ortuno lived in France and was beyond the subpoena power of the Court.

Although Defendant's counsel may have relied on the stipulation in their trial preparation, they cannot reasonably complain that they are now surprised that they have to address the substance of Dr. Ortuno's factual testimony. They have known all along that it may be heard by the jury under Rule 703. Moreover, their intimate familiarity with the evidence based on preparation for a previous bellwether trial in this MDL makes any claim of unfair surprise unpersuasive. The Court finds that

any reliance on the stipulation was not prejudicially detrimental to their trial preparation.  The only theoretical prejudice suffered by Defendant's reliance on the stipulation is that it has arguably foreclosed the possibility of seeking the Court's permission to re-depose Dr. Ortuno.  At the pre-trial conference, counsel for the parties represented that Dr. Ortuno would not likely cooperate in the taking of another deposition, and that Court intervention would be required.  Without definitively ruling today whether the Court would have permitted Dr. Ortuno to be re-deposed, the Court does find that the speculative possibility that a re-deposition may have been permitted is not sufficient prejudice to disallow the reading of her factual testimony.  The Court has previously indicated that it would permit the re-deposition of experts for the purpose of updating their opinions if it could be demonstrated that the science or circumstances upon which their expert opinion testimony was based had changed since their first deposition.  By limiting Dr. Ortuno's testimony to factual evidence and not allowing the presentation of her expert opinions, there would have been no need for her to update her expert opinions.[1]

    Finally, the Court observes that it would not require sophisticated lawyering by Plaintiffs' counsel to have Dr.

---

[1] Today's ruling does not prevent Defendant from seeking to re-depose Dr. Ortuno in other cases.  The Court will rule on any future motions if and when they are presented based on the circumstances at that time.

Ortuno's factual testimony presented to the jury through the back door via Rule 703. Therefore, it is likely that the evidence would be heard by the jury even if the Court did not vacate its order regarding the stipulation. Given that these two cases have been stipulated by the parties as bellwether cases, it is preferable to have this testimony presented in a more direct manner, particularly given the lack of unfair prejudice to Defendant.

Accordingly, based on a balancing of the equities and under the unique circumstances, the Court relieves Plaintiffs of their counsel's inexplicable stipulation. To the extent that the Court accepted that stipulation in its previously entered Order, that portion of the October 24, 2012 Order is vacated.[2]

IT IS SO ORDERED, this 13th day of May, 2013.

                                       S/Clay D. Land
                                          CLAY D. LAND
                               UNITED STATES DISTRICT JUDGE

---

[2] The Court does not decide whether specific parts of Dr. Ortuno's testimony are inadmissible for other reasons. The Court simply holds that the parties' previous stipulation and the Court's October 24, 2012 Order do not prevent the reading of Dr. Ortuno's factual deposition testimony.