IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | Case No. |
| LIABILITY LITIGATION | * | 4:11-cv-5065 (I. Morey) |

O R D E R

One of the recurring issues in this litigation has been the extent to which conduct subsequent to Plaintiff's injuries shall be admitted.[1]  Prior to the start of this trial, the Court ruled that evidence of other similar incidents or complaints regarding ObTape that were made after Plaintiff's ObTape implantation surgery but prior to her surgery that removed part of her ObTape was admissible on Plaintiff's continuing duty to warn claim as notice to Defendant.  Order June 3, 2013, ECF No. 168.  The Court has also ruled that evidence of substantially similar incidents that occurred after Plaintiff's surgeries may be admitted to prove causation.  *Id.*  And, the Court left open the door as to whether other post-injury evidence would be admissible for some other purpose.  *Id.*  To avoid violation of any of the Court's prior orders, Plaintiff's counsel seeks

---

[1] The Court made an oral ruling on this issue at the beginning of the trial day today, but since the issue may arise in other cases in this MDL proceeding, the Court finds it appropriate to reduce its ruling to writing.

clarification as to whether he is prohibited from introducing post-injury evidence in support of Plaintiff's punitive damages claim.  As explained in the remainder of this Order, certain post-injury evidence is admissible on the issue of punitive damages.

Under Minnesota's punitive damages statute, the following factors may be considered in determining a punitive damages award: (1) "seriousness of hazard to the public arising from the defendant's misconduct," (2) the profitability of the misconduct to the defendant," (3) "*the duration of the misconduct and any concealment of it*," (4) "the degree of the defendant's awareness of the hazard and of its excessiveness," (5) "*the attitude and conduct of the defendant upon discovery of the misconduct,*" (6) "*the number and level of employees involved in causing or concealing the misconduct*," (7) "the financial condition of the defendant, and the total effect of other punishment likely to be imposed upon the defendant as a result of the misconduct, including compensatory and punitive damage awards to the plaintiff and other similarly situated persons," and (8) "the severity of any criminal penalty to which the defendant may be subject."  Minn. Stat. § 549.20 Subd. 3. (emphasis added).

Based on these factors, the Court concludes that, under Minnesota law, evidence of post-injury conduct that demonstrates pre-injury intent or shows the extent to which a defendant

2

concealed a hazard is admissible on the issue of punitive damages.  Cf. *Hoppe v. G.D. Searle & Co.*, 779 F. Supp. 1413, 1424 (S.D.N.Y. 1991) (applying Minnesota law and concluding that post-injury conduct was admissible in product liability case); *Kociemba v. G.D. Searle & Co.*, 707 F. Supp. 1517, 1536 (D. Minn. 1989) (finding that post-injury evidence was admissible to establish product manufacturer's pre-injury intent).

To protect a defendant's Due Process rights, "[a] defendant's *dissimilar* acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages."  *State Farm Mut. Auto. Inc. Co. v. Campbell*, 538 U.S. 408, 422 (2003) (emphasis added).  "A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business.  Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis[.]"  *Id.*  Here, however, evidence of Defendant's post-injury conduct *with regard to ObTape* is not dissimilar to or independent from the acts on which Plaintiff's claims are based.  Plaintiff contends that Defendant knew about significant hazards associated with ObTape but sold the product anyway, failed to warn physicians of the hazards of ObTape, and continued to conceal the hazards of ObTape.  Plaintiff contends that

3

Defendant continued the same concealment conduct after her surgeries—conduct which is not dissimilar to or independent from the acts on which Plaintiff's claims are based.  Therefore, the Court concludes that Due Process concerns do not prohibit the admission of post-injury evidence regarding Defendant's conduct related to ObTape.  *Cf. id.* at 424 (noting that other conduct by the defendant must be similar to the conduct that harmed the plaintiff in order to be admissible).  Since this post-injury evidence is admissible under Minnesota law and does not offend Due Process, the Court finds that it may be considered by the jury for punitive damages purposes.

To the extent Mentor suggests that it had no notice that such evidence would be admitted, that argument ignores the Court's rulings on these issues.  Preliminarily, the Court notes that it has never ruled that such evidence would be excluded from consideration on the issue of punitive damages.  Moreover, the Court has made it clear that evidence subsequent to Plaintiff's second surgery may be admissible on some issues, including causation.  Order June 3, 2013 at 10 n.2.  The Court also ruled that such evidence may be admissible if it ties directly to the period preceding Plaintiff's second surgery.  *Id.*  Furthermore, the Court generally stated that while evidence subsequent to that second surgery was not admissible on the continuing duty to warn claim, that did not mean "that evidence

4

subsequent to June 29, 2005 may not be admissible for some other purpose." *Id.* Mentor's able counsel is also deemed to be well aware of Minnesota law on this subject. It is clear that Mentor had notice that such evidence may be admitted during trial.

IT IS SO ORDERED, this 12th day of June, 2013.

S/Clay D. Land<br>
CLAY D. LAND<br>
UNITED STATES DISTRICT JUDGE