```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE MIDDLE DISTRICT OF GEORGIA
                             COLUMBUS DIVISION


IN RE MENTOR CORP. OBTAPE           *    MDL Docket No. 2004
                                         4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS       *
                                         Case No.
LIABILITY LITIGATION                *    4:11-cv-5065 (I. Morey)
```

O R D E R

Persistence is an admirable quality—until it becomes aggressive stubbornness. Plaintiff's counsel's arguments regarding the admissibility of Defendant's removal of ObTape from the market is approaching the latter. The Court has clearly ruled during the first phase of this MDL proceeding that the removal of ObTape from the market is a subsequent remedial measure for purposes of Federal Rule of Evidence 407. May 20, 2010 Order, ECF No. 341 in 4:08-md-2004. The Court confirmed that ruling's applicability to this specific case at the pretrial conference. Pretrial Conference Hr'g Tr. 140:15-23, ECF No. 109. The Court did leave open the possibility that such evidence could be admitted if Defendant opened the door. *Id.* It is this sliver of hope that persistent counsel latches onto in support of his argument that the evidence should now be admitted. Counsel argues that Defendant has created the impression with the jury that the FDA has approved this product, has the authority to remove it from the market, and has allowed

it to remain on the market to this day.  The Court rejects this argument.  The evidence regarding FDA clearance of ObTape pursuant to the 510(k) preclearance process focused on clearing ObTape for sale when it was first introduced in the United States.  No specific evidence was presented that the FDA continued to monitor it and determined that it should remain on the market.  Moreover, the Court gave a limiting instruction to the jury describing the 510(k) clearance process, specifically explaining that such clearance by the FDA was not a determination that the product was safe and effective, but instead was a finding that ObTape was substantially equivalent to another product that was already on the market.  Defendant has not yet opened the door for the admissibility of the removal of ObTape from the market.

The Court also rejects counsel's argument that the withdrawal of ObTape from the market should be admitted for punitive damages purposes.  Federal Rule of Evidence 407 specifically prevents the introduction of subsequent remedial measures to prove "negligence," "culpable conduct," "a defect in a product or its design," or "a need for warning or instruction."  Fed. R. Evid. 407.  Accordingly, it cannot be

2

admitted to show that Defendant's "culpable conduct" authorizes punitive damages.[1]

     IT IS SO ORDERED, this 12th day of June, 2013.

                                             S/Clay D. Land
                                                      CLAY D. LAND
                                     UNITED STATES DISTRICT JUDGE

---

[1] Although it may be a bit unorthodox to enter evidentiary rulings in writing during a jury trial, the Court finds it necessary here given the Court's apparent inability to make its rulings on these issues clear orally and given the likelihood that these issues may recur during other trials in this MDL proceeding.

3