```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | 4:11-CV-5073 (Cole) |
| LIABILITY LITIGATION | * | 4:12-CV-323 (Shirey) |
| | | 4:13-CV-101 (Rupert) |
| | * | |

O R D E R

Andrea Jean Rupert (4:13-cv-101) and Samantha Shirey (4:12-cv-323), residents of Georgia, filed separate actions against Mentor in the United States District Court for the District of Minnesota. Those cases were transferred to this multidistrict litigation proceeding. They each have now filed a motion asking the Court to consolidate their cases with another case pending in this multidistrict litigation, *Cole v. Mentor Worldwide, LLC*, 4:11-cv-5073, which has been specially set for a bellwether trial by this Court in the fall of this year. (ECF No. 895 in 4:08-md-2004, ECF No. 67 in 4:11-cv-5073, ECF No. 31 in 4:12-cv-323, and ECF No. 23 in 4:13-cv-101). In the alternative, Rupert and Shirey ask the Court for a suggestion of remand to the United States District Court for the District of Minnesota (ECF No. 901 in 4:08-md-2004, ECF No. 34 in 4:12-cv-323, and ECF No. 26 in 4:13-cv-101). As discussed below, both motions are denied.

**I.  Motion to Consolidate**

Before the Court can even consider whether *Rupert* and *Shirey* should be consolidated with *Cole* for trial, the Court must have jurisdiction to try the *Rupert* and *Shirey* claims in this jurisdiction.  Since Mentor has not agreed to waive its right to have these cases remanded back to Minnesota for trial, the Court finds that it does not have the authority to try them here.  *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 41 (1998) (holding that a court which presided over pretrial proceedings of multidistrict litigation cases under 28 U.S.C. § 1407 could not transfer a consolidated case to itself under 28 U.S.C. § 1404 in lieu of remanding the case).  Accordingly, the cases cannot be consolidated for trial here.  The motion to consolidate is thus denied.

**II.  Motion for Suggestion of Remand**

Rupert and Shirey apparently believe that if their cases are remanded to Minnesota, the Minnesota District Court could transfer the cases back to this Court based upon the Middle District of Georgia being a more convenient venue.  But it appears that the contacts with Georgia occurred in the Northern District of Georgia, not the Middle District.  Thus, as between the Middle District of Georgia and the Northern District of Georgia, the Northern District would likely be the more appropriate venue.  And while this Court may have the authority

2

to try these cases in the Northern District of Georgia if they were eventually transferred there, the Court has not been presented with any authority that it could consolidate the cases with *Cole* given that the cases are not Middle District of Georgia cases.[1]

Thus, the question presented is whether the cases should be remanded if it is unlikely that they can be consolidated with *Cole* for trial. The answer to that question depends in part on whether a remand at this stage of the proceedings would likely advance the cases toward trial more expeditiously than retaining them in the multidistrict proceeding. Counsel has provided no persuasive argument that if the cases are remanded back to Minnesota at this time, the district Judge in Minnesota will likely complete the pretrial proceedings before they could be completed here. And the Court cannot conceive of any reason to believe that they would be completed sooner in Minnesota than they will be under the present scheduling order in this Court, particularly given the procedural hurdles that must be crossed before the case even makes it back to Minnesota. These cases are part of Phase IV, Group Two of this multidistrict proceeding. Phase IV Scheduling Order 4, ECF No. 877 in 4:08-md-2004. Plaintiff-specific fact discovery will close in these

---

[1] Although *Cole* is also a Northern District case, Mentor waived its right to have that case remanded back to the Northern District of Georgia for trial, so the Court may try *Cole* in the Middle District.

cases in June, and dispositive motions will be ripe in September. *Id.* at 4-5. To conclude that these cases would be ready for trial before late fall in Minnesota if this Court makes a suggestion of remand now with the pretrial proceedings unfinished is sheer speculation. Quite frankly, it appears that counsel's primary motivation for remand is not to get a quicker trial in Minnesota but to increase the chances of having these cases sent back here for a consolidated trial with the *Cole* case this fall, which as this Court has explained, cannot be done.

## CONCLUSION

As discussed above, the motion to consolidate is denied (ECF No. 895 in 4:08-md-2004, ECF No. 67 in 4:11-cv-5073, ECF No. 31 in 4:12-cv-323, and ECF No. 23 in 4:13-cv-101). The motion for suggestion of remand is also denied (ECF No. 901 in 4:08-md-2004, ECF No. 34 in 4:12-cv-323, and ECF No. 26 in 4:13-cv-101).

IT IS SO ORDERED, this 20th day of March, 2015.

                                        s/ Clay D. Land  
                                        CLAY D. LAND  
                                        CHIEF U.S. DISTRICT COURT JUDGE  
                                        MIDDLE DISTRICT OF GEORGIA